## Case No. 16,540.

### UNITED STATES v. TROAX.

[3 McLean, 224.] [1]

Circuit Court. D. Ohio.    July Term, 1843.

COMPETENCY OF WITNESSES—ACCOMPLICES—CORROBORATION—CREDIBILITY.

1. An accomplice is a competent witness.

2. Unless corroborated in his testimony, a jury will rarely on his evidence alone convict.

3. He appears as a witness under the most unfavorable circumstances.

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. When other witnesses establish some material facts, sworn to by an accomplice. the jury will give credit to his other statements.

[Cited in State v. Betsall, 11 W. Va. 739.]

5. The manner of his relation, the circumstances under which he acted, are to be considered by the jury, in weighing his evidence.

The District Attorney, for the United States.

Mr. Swayne, for defendant.

Before McLEAN, Circuit Justice.

This is an indictment for stealing a letter from the mail, containing money. The principal witness against the defendant was the carrier of the mail, who admitted that he was an accomplice, and received a part of the money taken from the letter. The carrier of the mail, it being a horse mail, being young and inexperienced. was influenced, as he stated. to participate in the act, through the persuasion of the defendant.

THE COURT instructed the jury that an accomplice is a competent witness. and that the jury must judge of his credibility. Such a witness always comes before the court and jury under the most · unfavorable circumstances. By his own admission, he participated in the offence which he charges and is called to establish against the defendant. And this charge is made by him generally, if not always, under a hope that by making it he may· escape punishment. Such a motive is supposed to influence the witness so strongly, as to take from his statements the credit which they might otherwise be entitled to. And in addition to this, the fact of having committed the same offence, goes to impeach his credibility. From these considerations. a conviction is rarely founded alone upon the testimony of an accomplice. But if an· accomplice be corroborated in some material circumstances, a jury will the more readily believe his other statements. The corroboration must be of some material part of his relation. That which goes to prove directly or indirectly the offence charged, and not an immaterial fact. An accomplice may impress the jury with more or less respect. from his appearance and the manner of his relation. If, from the circumstance of his youth and inexperience. and the superior capacity and experience of the defendant. it is probable that the witness has been unduly influenced by the defendant. the greater credit will be given to the witness. This remark is made with reference to the present case.

The principal witness in this case is corroborated in several important particulars. There is no doubt that the offence charged was committed. And it does appear, from the facts proved, that the defendant might have committed the act as charged. And beyond this. from the conduct of the defendant. his conversations at different times, and with different persons; and especially his great anxiety to induce the witness to leave the state, and his acts in reference to this object, go to create a probability that he had some agency in violating the mail. Circumstances are proved which, if they do not establish the defendant's guilt, independently of the statement of the accomplice, create a strong ground of suspicion against him. And these circumstances remain unexplained.

Upon the whole, gentlemen, .you must bring your minds to a conclusion in this, as in other cases, as to the guilt or innocence of the defendant. Before you convict, you must be satisfied of his guilt, beyond a reasonable doubt. Not that you are to acquit on the ground that he may possibly be innocent; for a jury in such a case cannot act upon possibilities. If you believe him guilty, you will say so.

The jury found a verdict of guilty, and the defendant was sentenced to the penitentiary.