## No. 11,683.

### THE STATE VS. HENRY DESROCHE ET AL.

The Act No. 52 of 1894 directing changes in the terms of the country courts required
the action of the District Judges to make effective the proposed changes, and
the drawing of the jury before the requisite orders were made to carry the a c

State vs. Desroche et al.

into effect will not be vitiated, the jury drawn being in attendance at the term fixed by the rules in force when they were drawn, that term coinciding with that fixed by the orders of court under the act of 1894.

If, indeed, any defect in such drawing of the jury could be deemed to exist, it would be within the purview of the law requiring objections to any defect and informalities in drawing juries to be made on the first day of the term. Acts 1877, Reg. Sess. No. 44, Sec. 11.

The court recognizes the principle that indictments for statutory offences will be sufficient following the terms of the statutes, and if rejecting surplusage they state the statutory offence.

There is no duplicity in the count of the indictment charging an offence, if words are added supposed to refer to another offence, but which is not described with the particularity exacted to support an indictment for such other offence. Wharton's Crim. Law, Secs. 364, 382, 622; 1 Bishop Crim. Proc., Sec. 480.

Applications for severance are addressed to the legal discretion of the trial judge, should be granted if cause is shown, and if the bills show such cause, the refusal of the trial judge will be reviewed and corrected on appeal.

When two persons are indicted the defences being antagonistic and the confessions of each incriminates the other and designed to be used in evidence, the severance, if asked seasonably, should be granted. 1 Wharton's Crim. Law, 7th Ed., Sec. 733; 1 Bishop Crim. Proc., Sec. 1019.

If the severance in such case is refused, and the confessions are used to convict, the verdict will be set aside on apppeal.

APPEAL from the Twenty-first Judicial District Court, Parish of St. John the Baptist.  *Rost, J.*

*M. J. Cunningham*, Attorney General, *Prentice E. Edrington*, District Attorney (*J. L. Gaudet* of Counsel), for Plaintiff, Appellee.

*Hamilton N. Gautier* for Defendant, Appellants.

The opinion of the court was delivered by

· MILLER, J.   The defendants, sentenced for burglary, appeal, relying on various exceptions.

There was a motion to quash the indictment on the ground that there was no authority to draw the jury, or hold the court for the term during which the prisoner was indicted and tried.  The Act No. 152 of 1884 directed an increase of the terms of the country courts, and further provided for the order in which criminal and civil cases should come before these terms.   This involved changes which the act directed to be made by the district judges and published.   The law, passed near the close of the legislative session of 1894, was not

acted on by the judge of the Twenty-first District until November, when the order for the changes was entered on the minutes of the court. Before the entry of the order the jury was drawn by the jury commissioners for the November term, and were in attendance. In our view, the act of 1894 did not interfere with the drawing of the jury for the term fixed by the rules of court when the drawing was made. Changes directed by the act of 1894 could have no effect until the requisite action of the court.. There was no such action till November, and it was, of course, then prospective. Under the new order then made, the court was still to be held in November as under the old order. In our view, the court's action in November did not disturb the previous drawing of the jury commissioners in summoning the jury for November.

If, indeed, under these circumstances there could be deemed to be any defect in the drawing of the jury, it would be within the purview of the statute, requiring objections of this nature to be made on the first day of the term. .Acts 1877, No. 44, Sec. 11. It is claimed, too, that the terms of court previous to 1894, as fixed by the order in 1889, were illegal, by reason of alleged omissions of publication and posting. The proposition is advanced that every term of the court since 1889 was illegal. We can not recognize the right of a defendant indicted in 1894 to challenge the sufficiency of formalities incident to the action of the court in 1889 in reference to the terms. In the interest of public order we must presume that judicial orders under which the court has held its terms for over six years were accompanied with all required formalities. The motion to quash for the supposed defect in drawing the jury, in our view, has no basis.

The indictment is under Sec. 850 of the Revised Statutes defining the offence of burglary, with intent to kill, rob or commit other crime, the offender armed, or arming himself having ent red the dwelling, a person being lawfully therein or committing an assault on such person. The indictment in this case charges that the accused, armed with a dangerous weapon, with intent to kill, rob and steal in the night-time, did wilfully, maliciously and feloniously break and enter the dwelling house of one Hyman Rabinonitz, and the said Hyman Rabinonitz did wilfully and with feloniously intent to kill, shoot, and the indictment then charges the accused with larceny committed in the dwelling. The objection of the defendant is, the

indictment does not charge the entry was with felonious intent. The statute mentions the intent in the first line, but does not repeat it before "break and enter," nor does the indictment. Following in this respect the statute, we think there is no merit in this objection. 1 Wharton's Criminal Law, Sec. 364.

It is charged also that the indictment blends in a single count, the burglary with the accompanying incidents specified in Sec. 850 of the Revised Statutes, with the distinct offence of burglary accompanied with shooting, defined in Sec. 790. We think the count does not state the offence under this last section. Its language is directed against the burglary accompanied with shooting with intent to commit murder. It is only when the two offences are each set forth with the requisite particularity that the indictment encounters the objection of duplicity. Still further it is urged that the indictment does not charge the assault, one of the ingredients specified in Sec. 850. But this assault is in the statute, preceded by the disjunctive. Without the assault, the statute specifies the offence that may or not be attended with an assault. Rejecting the averment of the assault as surplusage, the indictment and conviction holds for the offence charged. 1 Wharton's Criminal Law, Secs. 382, 622; 1 Bishop Crim. Prac., Sec. 480.

We have said this much to dispose of objections that might be made on the second trial, which, in our view of another ground, must be awarded. The case is of two indicted for the crime. We are informed by the bills that the defences were antagonistic, and each had made confessions incriminating the other. To try both together was, in effect, to try each on the confession of the other, and this, of course, would be to disregard the obvious principle that no man can be affected in his rights of person or property by the statements of another out of his presence, and not assented to by him. State vs. Havelin, 6 An. 167; State vs. Jackson, 29 An. 354; State vs. Johnson, 35 An. 842. It is possible there might be some grave cause to refuse a severance in such a case, although the refusal would lead to the use in evidence against each of the confessions of the other, and it is possible that such cause might be deemed sufficient to warrant trying both accused before same jury. It is enough to say the bills show no such cause. It appears that before the trial the severance was asked, and the ground of antagonistic defences and incriminating confessions assigned. It

further appears that the witness testifying stated in advance that the confession of each of the accused, to which he was about to testify, implicated the other.   The court refused to hear the testimony as to the confessions out of the presence of the jury, so that its tendency might be ascertained; refused to have the testimony reduced to writing and made part of the bills; refused the severance, and the testimony went to the jury over the objection of the counsel of the accused.   Though the testimony is not in writing, the bills leave no doubt of the character of the confessions; *i. e.*, each of the accused implicating the other.   Our learned brother of the District Court was doubtless influenced in his action by the general rule that applications for severance are addressed to the discretion of the court. Still, to this general rule there are exceptions.   In cases of conspiracy there can be no severance, for in such cases the act of one is deemed the act of all, and on the same principle the confession of one binds the other.   2 Bishop C. P., Secs. 227, 229, 230.   But this is simply the case of two indicted for the crime.   On principle, the confession of one does not bind the other.   When, as in this case, the defences of each are antagonistic, and the confession of each, designed to be used, incriminates the other, we think the case for a severance is presented, otherwise each is tried by illegal evidence, the confessions being used.   Unless, therefore, the application for the severance rests entirely in the discretion of the court, to be refused without reason, and when there is manifest reason for the application, we must hold that the refusal is subject to review in this court, and on the showing made in the bills we think this court is bound to grant relief.   In other words, the application for a severance is addressed to the legal discretion of the lower court, and the appeal requires us to determine whether the cause existed for the application.   We think the basis is exhibited. In reaching the conclusion it is not to be understood there is any encroachment on the general rule that applications for severance are addressed to the discretion of the lower court.   Nor is it to be inferred that this court will review the refusal of the lower court of such applications unless the bills show clearly the application should be granted.   In the light of authority, while courts have affirmed the discretionary power to grant or refuse such applications, there are strong intimations that severances should be granted, even when not enforced by any specific ground.   United States vs. Marchant & Col-

son, 12 Wheat. 480; 4 Mason, 158. In one of the cases in our courts one of the parties indicted with another suggested the antagonistic character of the defences, and that he feared the confessions of his co-defendant would be used against the other. On appeal, this court said, nothing showed any ground for the apprehension, nor did it appear the confessions were used. In another case the severance was refused and this court approved it, but it appeared the District Attorney announced he would not and he did not use the confessions of either accused. State vs. Ducote, 43 An. 185; State vs. Gournet, Id., 197. Here the character of the confessions are made known in advance, the intended use is avowed, the timely application for the severance is refused, and the confessions are used and serve to convict. If the confessions should not have been used, the error is not in our view corrected by the charge that the confession of one should not affect the other. The charge concedes the confession was not admissible of one against the other. We supplement the authority in favor of the severance by the citation from the text-books, that when the defences are antagonistic and confessions are to be used, the severance should be granted. Reason and authority require, we think, the granting of the severance and the new trial. 1 Wharton's Criminal Law, 7th Ed., Sec. 733; 1 Bishop Crim. Pro., Sec. 1019.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be set aside and reversed, a new trial granted, and that the prisoners be held in custody for such new trial in accordance with law.