No. 804.

THE STATE OF LOUISIANA *v.* ANGELAS PRUDHOMME, et als.

It makes no difference whether an accomplice, who becomes a witness, has been convicted or not, or whether he be joined or not, in the same indictment with the prisoner to be tried; provided he be not put upon his trial at the same time.

The circumstance of the witness being an accomplice of the party on trial, affects his credibility only, of which the jury are to judge.

Under the laws of this State, all parties present, aiding and abetting in the commission of a felony, are principals therein. If the principle which prevents an accomplice to testify, be so restricted as to exclude all principals, it would have little practical importance.

A jury may convict on the uncorroborated testimony of an accomplice; they are the judges of his credibility. The rule requiring the judge to charge the jury that the testimony of an accomplice needs confirmation is rather a rule of practice than a rule of law.

A judgment decreeing imprisonment for life is not unauthorized by law, because the words "hard labor" are omitted in it. The words are not sacramental. They would add but little to the efficacy of the judgment.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *King*, J. Criminal case. *G. W. Hudspeth*, District Attorney, appellee. *Perrodin, Wells, Lewis & Bro.*, for defendant and appellant.

LUDELING, C. J    Cyriaque Guillory, Angelas Prudhomme and

Louis Prudhomme were indicted for the murder of James McDaniel. Guillory was not arrested. The State asked for a severance, and put Angelas Prudhomme on his separate trial. He was convicted and sentenced; and he has appealed. An assignment of errors has been filed, which embodies, substantially, the questions presented for decision by the bills of exceptions reserved on the trial. They are the following:

*First*—That Louis Prudhomme, an accomplice, who was included in the same indictment, was permitted to testify against him before he had been tried and before a *nolle prosequi* had been entered in his case.

*Second*—That a letter, signed with his initials, was received in evidence before it was proved that it was written or signed by him, or by his request.

*Third*—That he was compelled to give evidence against himself on his trial.

*Fourth*—That the judge refused to charge the jury as requested.

*Fifth*—That his motion for a new trial was refused.

*Sixth*—That the sentence and judgment is not authorized by law.

I. It makes no difference whether the accomplice has been convicted or not, or whether he be joined in the same indictment with the prisoner to be tried, or not, provided he be not put upon his trial at the same time. Roscoe 120; 2 Hawk. P. C., c. 46, sec. 90; 7 Ind. 326; 1 Greenl., sec. 379; 23 An. 78.

II. The letter was properly received in evidence. Louis Prudhomme testified that the accused had handed it to him, in jail, to be delivered to William Curley; that it was unsealed; that it had remained in his possession until the day of the trial, except when handed by him to Duson and others to read; and it was further identified by Louis Prudhomme and Duson, the deputy sheriff, as a letter which he had been permittted, by Louis Prudhomme, to read. And at a later stage of the trial, L. Prudhomme testified that he had seen Angelas Prudhomme write the letter.

III. The tracks of the murderer were found near the scene of the murder, and to enable the witness who saw the tracks to state how they corresponded in size with the feet of the prisoner, he was forced to take his feet from under a chair where he had put them. This the prisoner's counsel calls forcing him to give evidence against himself. A mere statement of the facts shows how utterly untenable the objection is. The witness was required to look at the feet of the prisoner in order to testify to facts which might enable the jury to connect the prisoner with the perpetrator of the crime, and we are unable to perceive how any constitutional right of the prisoner was infringed by compelling him to place his feet where they could be seen by the witness and the jury.

IV.  The prisoner requested the court to charge the jury as follows : "That if the jury are satisfied that Louis Prudhomme, a witness for the State, is charged in the same indictment with the prisoner, Angelas Prudhomme, as a principal in the commission of the crime of murder therein charged ; that he was expressly offered by the District Attorney to be sworn, and to testify on behalf of the State in this case, as an accomplice of the prisoner, Angelas Prudhomme, in the commission of the crime alleged in this case, and that said Louis Prudhomme was present, by previous combination and design, with any other person or persons, at the commission of the homicide charged in the indictment in this case, aiding and assisting in the commission of said homicide, he, the said Louis Prudhomme, was a principal in the offense charged ; and that as an accomplice, and as a principal offender, if he is still under bond in said indictment, and neither tried nor discharged thereunder, the jury must reject his testimony entirely."

And further: " That where an accomplice testifies against an accused party in a criminal case, the accomplice who is such witness, must be corroborated as to the person of the accused ; and if he is not so corroborated, the jury should acquit the prisoner; provided the testimony of the State tends to the conviction of the prisoner upon the evidence of such accomplice."

The judge *a quo* did not err in refusing the charges asked for.

We have already said that the accomplice was a competent witness for the State until he had been convicted and sentenced, if the party against whom the accomplice is offered as a witness be put upon his separate trial.  The circumstance of the witness being an accomplice of the party on trial affects his credibility only, of which the jury are to judge.  McNally's Ev. 200 ; 1 Greenl. 783.

Under the laws of this State all parties present aiding and abbetting in the commission of a felony, are principals therein.  If the principle, which permits an accomplice to testify, be so restricted as to exclude all principals, it would have little practical importance.  We are of the opinion that an accomplice is not disqualified from testifying simply by being charged as a principal in the same indictment.  The court did not err in refusing to charge the jury that Louis Prudhomme was, in the case stated, a principal offender—that is, a leader or instigator—and it is to such principal offenders that the authorities relied upon by the prisoner's counsel apply.  1 Greenl. § 379 ; 1 Phillips' Ev. 37.

The judge correctly charged that a jury may convict on the uncorroborated testimony of an accomplice ; that they are the judges of his credibility, and that the rule requiring the judge to charge the jury that the testimony of an accomplice needs confirmation is rather a rule of practice, than a rule of law.

" The rule requiring corroboration is a rule, not of law, but of general and useful practice, the application of which is for the discretion of the judge by whom the case is tried, and in its application, much depends on the nature of the offense, and the extent of the witness' complicity." Fisher's Digest 563 ; 1 Phillips 113 (tenth edition, 1859) ; Roscoe 121 : Whart. Crim. sixth edition, 1 vol. 785.

V. The motion for new trial was based on the hypothesis that the verdict was contrary to the law and the evidence. Having already decided that the rulings of the judge *a quo* were correct, it follows as a matter of course that we must hold that the new trial was correctly refused.

VI. The verdict of the jury was " guilty without capital punishment." The judgment was that the convict be "imprisoned in the State Penitentiary for the space of his natural life," etc. It is contended that because the words "hard labor " were omitted in the judgment, it is unauthorized by law. The words are not sacramental, and we imagine would add but little to the efficacy of the judgment.

Judgment affirmed.