## No. 8090.

### State of Louisiana vs. Walter Russell et al.

An accomplice of the accused is a competent witness for the State even when he has pleaded guilty, if he has not yet been sentenced, and if he and the accused against whom he testifies, are tried separately.

The accused may be legally convicted on the uncorroborated testimony of the accomplice, because the jury is sole judge of his credibility.

The accused having gone to trial without objection, cannot, after conviction, object to the time when the copy of the indictment and list of the jury were delivered to him.

It is not necessary to make a separate conclusion, in each case, in a single count, in an indictment.

The concise endorsement of the character of the offense upon an information or indictment is for convenience only and forms no part of the substance of the charge, and cannot be objected to by the accused.

APPEAL from the Third Judicial District Court, parish of Union. *Graham, J.*

| | |
|---|---|
| 33 | 135 |
| 47 | 475 |
| 47 | 484 |
| 47 | 1598 |
| 33 | 135 |
| 48 | 295 |
| 33 | 135 |
| 52 | 486 |
| 33 | 135 |
| 109 | 577 |
| e109 | 580 |
| e109 | 581 |
| 33 | 135 |
| 117 | 384 |

*J. C. Egan,* Attorney General, for the State, Appellee.

First—It is not necessary to make a separate conclusion in each case in a single count in an indictment. Bishop on Crim. Procedure, vol. 2, p. 5; note.

Second—When the information commences with the words "in the name and by the authority of the State of Louisiana," etc., all acts and charges therein contained are in the name and by the authority of the State of Louisiana.

Third—The inscription on an indictment does not affect the accusation contained in the body of the instrument. 12 A. 743.

Fourth—The testimony of an accomplice need not be corroborated to give the jury the power to find a verdict of guilty. The jury are the sole judges of the evidence. Greenleaf, vol. I, sec. 280; 25 A. 522; 1 Denio, 86; Wharton, vol. 1, sec. 763; 2 Barb, 216; 1 N. Y. 379.

Fifth—The accused waived those rights which are created in his interest and for his benefit, when he proceeds to trial without objecting. 6 A. 690; 12 A. 679; 14 A. 667.

*J. A. Ramsey* for Defendant and Appellant.

First—A party already indicted for a felony is not a competent witness to testify for the State, against an accomplice in said felony, when it appears that the party sought to be introduced as a witness is the principal offender. Greenleaf, 1st vol. § 379; Starkie, 1st vol. § 379.

Second—In prosecutions for the crime of being accessory before the fact of a felony, the principal in said felony is not a competent witness against the accessory, for the reason that the said principal is necessarily guilty in order that there should be an accessory to his crime, and being necessarily guilty under the law of a felony, he is bound to be infamous, and, therefore, incompetent as a witness. Greenleaf, 1st vol. § 372.

Third—When a party is being tried for the crime of being accessory before the fact of burglary and grand larceny, and the principal who committed said crime is permitted to testify against the accessory, it is the duty of the presiding judge in his charge to advise the jury not to convict the defendant upon the testimony of the principal alone, and that if they believed that there was no evidence introduced on the trial corroborating the testimony of said principal, they ought not to convict upon his evidence alone. Greenleaf, 1st vol. § 380; Starkie, 1st vol. § 380; Wharton, 1st vol. § 789.

Fourth—When a party is on trial for being accessory before the fact of burglary and grand larceny, evidence is inadmissible to show that the accused had committed the crime of burglary, or that the accused was present aiding and abetting the principal in the commission of said offense.

Fifth—An accused charged with being accessory before the fact of burglary and grand larceny, is entitled to have a copy of the indictment against him and a list of the jury summoned to try him served upon him two entire days before his trial, unless he waives that right. R. S. Sec. 992; 3 A. 51.

Sixth—In indictments against accessories before the fact, the charge against the principal should be as full, complete and explicit, as if the principal alone was concerned and upon trial. Bishop on Crim. Procedure, vol. 2, § 8.

The opinion of the Court was delivered by

LEVY, J. The defendant, Walter Russell, was found guilty, by a jury, of the crime of being accessory before the fact to burglary and larceny, and sentenced to the term of three years imprisonment at hard labor in the State Penitentiary. From this sentence and judgment he has appealed.

The bills of exception filed embrace, substantially, the grounds set

forth in the motions for new trial and in arrest of judgment, on which the defendant relies in his appeal.

The first bill is taken to the competency of the witness Bradley, who testified on the part of the prosecution, because the said Bradley, who was indicted, in a separate indictment, as principal, and had plead guilty, but had not yet been sentenced, is alleged to be incompetent to testify in the case against defendant, who is indicted as accessory before the fact to the same alleged crime, and "an accomplice who is charged as principal in a felony is not competent to testify against an accomplice in the same felony, whether that accomplice is charged with being accessory before and after the fact, or with being principal in first or second degree;" and the said Bradley "having been legally indicted, and having plead guilty to the indictment, is thereby infamous and incompetent to testify in any case." The judge *a quo*, in his reasons given for admitting the testimony of this witness, says: "The defendant Russell and witness Bradley were not being tried together, but on separate indictments. Bradley had plead guilty to the charge of burglary and larceny, but had not been sentenced by the court, and, under the law, he is not considered infamous until sentenced, and, therefore, was competent as a witness. The law permits accomplices not indicted together to testify for or against each other. See Wharton, vol. 1, p. 763, *et seq.*"

The second bill of exceptions was taken to the refusal of the judge to charge, as requested by defendant's counsel, that they ought not to render a verdict of guilty on the evidence of Bradley, an accomplice, alone, and that "the testimony of a principal in a felony who has pleaded guilty of said felony is not sufficient, uncorroborated and alone, to justify a jury in convicting an accessory before the fact of said felony."

The third bill was taken to the admission of testimony offered by the State proving that the accused was, at the time witness was committing the burglary and larceny, just outside the store watching for the witness while the witness was committing the act; and this evidence was objected to on the ground that it did not correspond with the charge against the defendant. These objections were overruled by the judge *a quo* for the following reasons: "That it was competent to show that the accused, previous to the time at which it was charged that, he "counseled, abetted and commended" the burglary and larceny, had himself attempted to commit the crime and had failed, for the purpose of showing a circumstance rendering the present charge against him probable. The evidence was not offered to show his guilt of an offense *not* charged against him, but to show a circumstance going to show his guilt of the crime that *was* charged against him. The proof that one remained outside and was not present aiding in the larceny is admissible to show accessorial guilt."

We do not think there was error in the rulings of the court to which these exceptions were taken.

On the subject of the testimony of accomplices the authorities, to our mind, not only authorize its introduction, but justify conviction by the jury on such testimony although it may not be corroborated by other. Archbold, Crim. Practice and Pleading, vol 1, pp. 500, 501, 502, 503; 2 McLean, 431; 2 Paine C. C. Rep. 161; Porter (Ind.) Rep. 326: 3 McLean, 224; 2 Martin N. S. 466. In Louisiana, this Court held in State vs. Prudhomme, 25 A. 522, that: " We have already said that the accomplice was a competent witness for the State until he had been convicted and sentenced, if the party against whom the accomplice is offered as a witness be put upon his separate trial. The circumstance of the witness being an accomplice of the party on trial affects his credibility only, of which the jury are to judge; " also: " The judge correctly charged that a jury may convict on the uncorroborated testimony of an accomplice; that they are the judges of his credibility, and that the rule requiring the judge to charge the jury that the testimony of an accomplice needs confirmation, is rather a rule of practice than a rule of law." And again: " The rule requiring corroboration is a rule not of law but of general and useful practice, the application of which is for the discretion of the judge by whom the case is tried; and in its application much depends on the nature of the offense and the extent of the witness's complicity." Fisher's Digest, 563, etc.

The grounds, other than those contained in the bills of exception, on which defendant seeks a reversal of the judgment, are set forth in the motions for new trial and in arrest of judgment, and are, first, that " no copy of the indictment in this case or list of the jury drawn to try this case was delivered to the defendant two entire days before the trial, as the law directs." Second, that there is not a sufficient charge in the bill of information setting forth that the offense of the principal was done " contrary to the form of the statute," etc.; and the endorsement on the bill does not sufficiently show the offense with which the defendant, Russell, is charged.

When the accused goes to trial without objection, it will be too late after conviction to urge, as error, that he had not been served with a copy of the indictment and a list of the jurors who were to try him. 12 A. 679 ; 6 A. 693. In 14 A. 667, State vs. Fuller, it was held that " the objection, that a copy of the venire and indictment were not served on him two entire days before he was tried, however good it may be when urged before going to trial, loses its efficacy when the party seeks to avail himself of it after verdict rendered in the case. This right is waived when not claimed before trial." *See authorities cited in that case.*

It is not necessary to make a separate conclusion in each case in a

single count in an indictment. Bish. Crim. Pro. vol. 2, p. 5. In this case the conclusion of each count " against the form of the statute, etc.," was sufficient, and embraced and was applicable to the allegations contained in such count; and the information commencing with the words "in the name and by the authority of the State of Louisiana," was sufficient, and embraced all the charges contained in the bill.

" The concise endorsement of the character of the offense upon an information or indictment is for convenience only, and forms no part of the substance of the charge." " The prisoner is never called to answer to the condensed title of a bill or information. He is arraigned and tried upon the bill or information itself." 12 A. 743.

The judgment of the lower court is affirmed with costs.