## No. 115.

### THE STATE OF LOUISIANA VS. LAURA HAMILTON.

The excusing of a tales juror by the Judge, although not legally exempt, and although the accused may have at the time exhausted his peremptory challenges, is not sufficient to vitiate the verdict.

An accomplice may be called as a witness for the State, even when jointly indicted with said accused and before his own conviction or acquittal, where the trials are separate.

The Judge is not bound to give a charge, although it may be correct as an abstract principle of law, where, in his belief, there is no fact proved to which it is pertinent.

APPEAL from the First District Court, Parish of Caddo. *Jones, J.*

*M. S. Crain*, District Attorney, for the State, Appellee.

*E. H. Randolph* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of five years' imprisonment in the penitentiary for burglary and larceny.

We find in the transcript three bills of exceptions taken against the rulings of the Judge *a quo* during the progress of the trial:

1. The first bill was taken to the action of the Judge in excusing from jury duty a person employed as pilot on a United Stated Government vessel and summoned as a tales juror, excused after the accused had exhausted her peremptory challenges, and the juror, as claimed, not being legally exempt from jury duty. The Judge stated in the bill, that he excused him because he was a pilot employed by the U. S. Government on a boat that might be ordered to move at any moment.

There is a certain discretion vested in District Judges, in regard to excusing jurors from service, which has been frequently recognized by this Court, and the exercise of which affords no reasonable or legal ground of complaint. State vs. Sonnier, 33 An. 237; State vs. Welch, 34 An. 991.

Had this juror not been excused, and been erroneously excluded

subsequently from the jury, on the challenge of the State to his competency, this Court has held, on unquestioned authority, that such exclusion would not even be sufficient to set aside the verdict. The main object of the law is to secure for the accused a fair and impartial trial by an unprejudiced and competent jury, and when this has been attained, and we hear no charge to the contrary as to this jury as finally composed, then the end of the law is subserved, and the accused cannot be held as aggrieved, even should he have failed to secure on the jury some particular person whom he either wanted or pretended to want to serve thereon. State vs. Barnes, 34 An. 395.

2. The second bill was taken to the ruling of the Judge, in admitting one Hattie Martin to testify for the State. This witness had been jointly indicted with the defendant, but a severance had been granted and the defendant had been first placed upon trial. It was objected, that until this witness had been acquitted or convicted, she was not a competent witness. The authorities on this point are not uniform. Bishop lays down the rule thus :

" One of two or more joint defendants cannot be a witness for, or against another, even on a separate trial, until the case as to himself is disposed of by a plea of guilty, or a verdict of conviction or acquittal ; then, he may be. Sentence need not be rendered. Of course, if the indictments are separate he may be a witness, though the offense is supposed to be joint. And in some of the States the statutes are interpreted to make him such where the indictment is joint, the trials being separate. There are even, perhaps, States in which this is held under the common law." Bishop, Crim. Proc., 3d Ed., Sec. 1020. And in a note on the same page it is added that this would seem to be the late English doctrine, referring to Reg vs. Winsor, 10 Cox C. C. 276, 327 ; Law Rep. 1 Q. B. 390; 11 Cox C. C. 607. Many cases are referred to also from the American reports, as sustaining the same doctrine. It is unnecessary to cite them, as the same doctrine has been expressly sanctioned by this Court in the case of the State vs. Prudhomme, 25 An. 522 ; which has been approvingly cited in the case of the State vs. Russell, 33 An. 136. Whatever may be our opinions, were the question a new one, these authorities must be held as conclusive.

3. The third bill was taken to the refusal of the Judge to charge, " that if the prisoner was under fourteen years old, she was *prima facie* incapable of committing crime." Among the reasons assigned for his refusal the Judge says, that " there was no evidence that the girl was under the age of fourteen years."

We must respect this reason and hold it sufficient to justify the Judge's refusal. Under his statement such a charge would have been

foreign to the issues in the case, and without a bearing on the facts proved on the trial. We have often held that the Judge was not bound to charge abstract principles of law having no immediate relation to the case before him, and that the question of its pertinency was a matter largely, if not exclusively, within his discretion. State vs. Riculfi, 35 An., and authorities therein cited.

4. There is, also, an assignment of errors, to the effect that the record does not disclose that the grand jury, which had found the bill, had been sworn. This question is disposed of adversely to the accused in the case of the State vs. Stewart, just decided, in which the facts are the same as presented in this.

This completes the review of the record, and there is nothing therein to justify us in disturbing the sentence appealed from; and the same is, therefore, affirmed with costs.