The opinion of the court was delivered by
Miller, J.
From a sentence for arson defendant appeals.
The judge refused to instruct the jury that the defendant could not be convicted on the testimony alone of an accomplice not corroborated, and this refusal is the subject of the bills of exceptions.
The particeps criminis is not on that account an incompetent witness. Competency exists until conviction and sentence. Hence, it is settled that the accomplice may be used as a witness by the State. In this case the defendant alone was indicted, and even when the participant is jointly indicted with the other, the prosecution as to the accomplice may be withdrawn to use him as a witness. 1 Greenleaf, Secs. 372, 379; 1 Archbold, 502; State vs. Prudhomme, 25 An. 522; State vs. Russell, 33 An. 135. The testimony of the accomplice being admissible, it has been held by the courts of other States, and in Louisiana, that the conviction could be had on the testimony alone of the accomplice, without corroboration, if the jury believed his testimony. This conclusion was reached by our courts more readily, perhaps, because our law makes the jury judges of the facts. Const., Art. 168; R. S. S. 991.
It is claimed in argument here, that our courts have gone too far in holding that juries may convict on the unaided testimony of an *1599 accomplice. While the text writers recognize the infirmity of that species of testimony and commend the caution which judges have enjoined on juries with reference to such testimony, still it is the current of authority that the jury may act on the testimony of the accomplice only, and convict. 1 Greenleaf, Sec. 380; 1 Archbold, p. 502; Wharton’s Criminal Evidence, Sec. 441. With us the charge of the judge is restricted to giving the jury the law applicable to the case, leaving to them the determination of the weight due to the testimony. The direction given by judges in other States not to convict on the testimony of an accomplice would be to trench on the functions of the jury here. Constitution, Art. 168; R. S., Sec. 991. We think, therefore, that the decisions of our courts on this subject have very respectable support in the text-books and jurisprudence of other States, and are in harmony with our Oonstitution and laws.
It is urged on us that the decisions in the Callahan and Dudoussat cases, 47 An. 444 and 997 respectively, are in conflict with previous decisions. Neither of those decisions exhibit any such conflict. The question, in the first case, so far as connected with the present contention, was not whether corroboration of an accomplice was requisite, but the character of confirmatory testimony if attempted to be offered. The court held that the supposed testimony, tendered as corroboration, was illegal, and on that ground set aside the verdict. In the Dudoussat case it was held that the testimony admissible to confirm the ordinary witness could not be deemed illegal on the assumption it was to support an accomplice, when the issue of fact before the jury was whether the witness was a feigned accomplice or an accomplice at all, an issue with which this court could not deal. Neither decision expressed or implied that the accomplice must be corroborated.
Our jurisprudence on this subject, we think, must be deemed settled, and sustains the refusal to charge as requested, and that given. State vs. Prudhomme, 25 An. 522; State vs. Russell, 33 An. 135.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed, with costs.
Breaux, J., concurs in the decree.