No. 13,293.

STATE OF LOUISIANA VS. ARMAND ANGEL AND NUMA ANGEL.

SYLLABUS.

| | |
|---|---|
| 52 | 485 |
| 104 | 542 |
| 52 | 485 |
| 106 | 456 |

1. Defendants were jointly tried as perpetrators of a homicide. They might have asked a severance and been separately tried. Had this been done, the one might have called the other as a witness on his behalf.
2. But the rule is different where, indicted as principals in the same bill, the accused went to trial at the same time. In such case the one co-defendant can not make of the other a witness for himself.
3. Act 29 of 1886 interpreted as not establishing anything to the contrary of this.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Voorhies, J.*

*Milton J. Cunningham,* Attorney General, *James Simon,* District Attorney, (*C. H. Mouton* of Counsel), for Plaintiff, Appellee.

*James E. Mouton* and *Martin & Voorhies* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. 'The accused were jointly indicted as principals for the murder of Frederick Romagosa. They were tried together, with the result that Armand Angel was found guilty without capital punishment, and Numa Angel was convicted of manslaughter.

State vs. Angel.

From a sentence of life imprisonment at hard labor, in the one case, and of five years' imprisonment at hard labor, in the other, this appeal is taken.

Four bills of exception are found in the record, but in the brief filed by their counsel, as well as in their oral argument submitted, no insistance is made as to the first and fourth bills. They are, hence, considered waived.

On the trial Numa Angel, co-defendant, was offered as a witness, both on his own behalf and that of Armand Angel.

The State objected to his being heard as a witness for the latter, on the ground that accomplices under joint indictment as principals and *jointly tried* cannot testify the one for the other.

As we understand the court's ruling on this objection, it was that Numa Angel might, under Act 29 of 1886, be called as a witness, or take the stand as a witness, *on his own behalf* in the trial then being proceeded with, but that he could not be called to the stand by his co-defendant *as a witness for the latter*.

This seems to be the construction placed upon the ruling by counsel for the defendants, though not that of counsel for the State.

We will consider it from defendants' point of view.

These parties were being tried together. They might have asked a severance and been separately tried. Had this been done, the one might have called the other as a witness on his behalf. Rice on Evidence (Criminal) §327; State vs. Mason, 38th La. Ann. 476; State vs. Hamilton, 35th La. Ann. 1043; State vs. Russell, 33 La. Ann. 135; State vs. Prudhomme, 25th La. Ann. 523.

But the rule is different where, indicted as principals in the same bill, the accused went to trial at the same time.

In such case the one co-defendant cannot make of the other a witness for himself. (Same authorities.)

We do not interpret Act 29 of 1886 as directing otherwise, or as intended to reverse a rule of criminal evidence so long sanctioned, except in the particular of permitting an accused to testify voluntarily in his own behalf.

While in this case the co-defendant was willing to go upon the stand as a witness for the other, it is easy to forsee that were a different ruling sustained than as above, it would sanction a practice that would likely result, oftentimes, in one on trial with another being called as a witness against his will and greatly to his prejudice. And though

State vs. Angel.

he might exercise his constitutional right and refuse to give answers that might criminate himself, that, itself, would be forcing him into a situation fraught with embarrassment, if not of jeopardy, to his case.

Under the ruling that he could go upon the stand as a witness for himself, Numa Angel testified in the case, and no bill of exceptions is in the record which tells us that he was not permitted to answer this, that, or the other question with reference to any fact of the homicide sought to be elicited.

In what, then, after all, is Armand Angel prejudiced, if, as a matter of fact, the other was allowed to tell his story of the killing?

The Judge's ruling informs us Numa was restricted as a witness "to what he saw himself and what transpired when he was present at the occurrence of the homicide, and facts within his knowledge, leaving to the jury the duty of applying the evidence thus given to the determination of the whole case."

The next bill of exception insisted on shows that Numa Angel then called his co-defendant Armand Angel to the stand, and that he was offered solely and exclusively as his, Numa's, witness, and for no other purpose.

The District Attorney interposed the same objection. The Judge ruled that Armand might become a witness for himself under the same restrictions as were applied to Numa Angel when he was called as a witness in the case; but that *solely as a witness for Numa* he was excluded.

He was not, thereupon, sworn as a witness.

The same considerations inducing the court to hold the grounds of the first bill untenable, apply here.

The Judge did not err in his application of the law to this case, and, accordingly, the judgment appealed from stands affirmed.

The Chief Justice and MR. JUSTICE BREAUX dissent.

Rehearing refused.