No. 13,699.

STATE OF LOUISIANA VS. DONAT BREAUX, ET ALS.

SYLLABUS.

1. When the transcript shows that the trial court duly opened on a certain day; that the grand jury, in open court, reported a true bill for murder, and that the bill was filed as of that date by the clerk, the time at which the grand jury acted is sufficiently shown.
2. The ruling of the trial judge, in rejecting a juror who is challenged for cause by the State, affords, of itself, no legal ground of complaint to the accused.
3. In the trial of several accused, jointly, the peremptory challenges of the defence cannot be said to be exhausted as long as any of such challenges are left to one or more of the accused.
4. Where several persons are charged with murder in the same indictment, and are on trial at the same time, one of them cannot be a witness on behalf of his co-defendants, and that he should be wanted to testify to something forming part of the *res gestae* does not affect the question. The testimony may be admissible, but the witness remains incompetent.
5. A doctor of medicine may testify, as an expert, as to the manner in which, and the character of instrument by which, a wound might have been inflicted.

APPEAL from the Eighteenth Judicial District, Parish of Acadia — *DeBaillon, J.*

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney, (*Lewis Guion* of Counsel), for Plaintiff, Appellee.

*Veazie & Pavy,* (*Gustave A. Breaux* of Counsel), for Defendants, Appellants.

The opinion of the court was delivered by

MONROE, J.   Donat Breaux, Emile Breaux, and Louis Breaux, having been indicted and tried together for murder, were convicted of manslaughter and sentenced to twenty years' imprisonment at hard labor. They have appealed and present to this court a record containing a motion to quash the indictment and several bills of exception, which will be considered *seriatim*.

The motion to quash is based upon the grounds that "no date is fixed, showing the time when the grand jury found the said bill," and, "because said indictment does not charge that the said crime was against the peace and dignity of the State."

The motion is without merit.   The transcript shows that the court met upon October 6th, 1900, and that the grand jury came into open court and then and there reported a true bill for murder against the accused, and that the bill was filed as of that date, by the clerk.   The bill, itself, concludes with the formula, "contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State of Louisiana."

1.   Bill of exceptions No. 1 was taken to the action of the court in sustaining the peremptory challenge, by the State, of a witness who stated on his *voir dire* that he "would not care to decide against the defendants".   The law gives to the accused the right to object to an obnoxious juror, but does not give him the right of selection.   Hence, the rejection of a juror by the judge, even if erroneous, of itself, affords no legal ground of complaint.   It appears, moreover, from the recital in the bill, that when the jury was completed, the accused still had fourteen challenges to their credit, and the fact that one of them had exhausted twelve challenges does not go to show that he was obliged to accept an obnoxious juror, since he and his co-defendants were tried together and were represented by the same counsel.   State vs. Shields, 33 Ann. 1410; State vs. Creach, 38 Ann. 480; State vs. Marceaux, *et als.,* 50 Ann. 1139; State vs. Ford *et als.,* 37 Ann. 443.

2.   Bill of exceptions No. 2—was taken to the ruling of the trial judge to the effect that Donat Breaux, one of the defendants who had gone on the stand as a witness, "could give facts touching his own interest, but that he could give none touching his co-defendants, he having no right to testify in behalf of his co-defendants"; to which the objection was made that it was competent to prove by the witness whatever occurred as part of the *res gestae,* whether it affected the other co-defendants or not.   The statement of the judge makes it clear that the witness was

allowed to prove, as a witness in his own behalf, whatever was relevant to the case, but that he was not allowed to testify as a witness on behalf of his co-defendants. This ruling was in accord with that approved by this court in the case of State vs. Angel, 52 Ann. 485. In so far as the principle involved is concerned, it makes no difference that it was proposed that the witness should testify to something which, it is said, was part of the *res gestae*. The testimony was not excluded, as to the witness himself, and was not excluded as to the other defendants because of any quality of its own, but because the witness being on trial with two other persons charged with crime in the same indictment, was incompetent to testify on their behalf.

3. Bill of exceptions No. 3. Counsel for defendants have devoted their argument exclusively to the questions as presented by this bill, which was reserved to the ruling of the trial judge in refusing to permit the defendant, Donat Breaux, who was on the stand as a witness, to answer the following questions, to-wit:

"Q. Did you see the deceased, Francois Richard, there at the difficulty that day, just before the difficulty took place, and if yea, please state what was his conduct and demeanor on that occasion?" "Question overruled, and testimony excluded." The bill of exceptions recites that it was proposed to elicit the testimony suggested by the question for the purpose of showing, "(1) that the defendant had a lawful purpose in "going up to the spot of the alleged fatal encounter, viz: that he went "there to stop his brother, Ternile, who was engaged in a difficulty with "the deceased; and (2) to show that he was not there to aid or assist his "brother, Ternile, in an attack upon the deceased; and (3) to show all "the facts and circumstances constituting the *res gestae*."

The judge *a quo* gives the following as his reasons for the ruling complained of, to-wit: "The defendant, Donat Breaux, was allowed to tes- "tify on his own behalf, and his testimony was restricted to him, and "not allowed in behalf of, or against, his co-defendants. See other bill "on same subject. The questions and answers propounded on appended "statement prepared by the clerk were not read to the jury, as they "were excluded." The questions thus referred to are given above, but, as it appears, the answers were excluded.

For the reasons which have already been stated, the ruling of the judge was correct in so far as it was intended to exclude, and had the effect of excluding, testimony given by the witness as testimony on behalf of his co-defendants. But, from the recital of the bill, it appears that the defendant, Donat Breaux, was seeking to give certain testimony

which he intended should be in his own behalf, as well as in behalf of his co-defendants, and, whilst coming from him, it was inadmissible from the latter point of view, it was entirely admissible from the former, both to show motive, and to show the very heart of the *res gestae, i. e.,* the conduct of the deceased just before and at the time of the killing. Wharton's Cr. Ev., Par. 431; Rice on Evidence, Vol. 3, pp. 122 *et seq.* 447; A. & E. Ency. of Law (2nd Ed.), Vol. 11, pp. 506-7, 523. The exclusion of this testimony, however, inasmuch as it was competent for him to give it only in his own behalf, did not prejudice the other defendants. If, as is suggested by the counsel for the State, in their brief, the question really decided by the trial judge was nothing more than had been decided before, to-wit: that the witness could not testify in behalf of his co-defendants, it is unfortunate that the bill of exceptions, duly signed by the judge, should make it appear otherwise. As it is, we must be governed by the bill.

4. Bill of exceptions No. 4. The foregoing reasoning and conclusion are equally applicable to the conditions presented by this bill.

5. Bill of exceptions No. 5. This bill was reserved to the ruling whereby the State was permitted to introduce the testimony of a doctor of medicine to the effect that "the wound upon the head of the deceased could have been inflicted" with a certain axe, which was exhibited. We find no error in this ruling. The bill admits that the witness was an expert, *quoad* the wound, and we are of opinion that he was qualified to testify as an expert as to the manner in which, and the instrument by which, it might have been inflicted.

Underhill on Criminal Evidence, p. 372.

There is a motion for a new trial in the record, based upon the usual general grounds, but no bill of exceptions to its overruling, and it is not mentioned by the counsel for the defendant. We therefore pass it by.

For these reasons, it is ordered, adjudged and decreed that, as to the defendant, Donat Breaux, the verdict and sentence appealed from be annulled, avoided and reversed, and the case remanded, to be proceeded with according to law, said defendant, in the meanwhile, to remain in the custody of the law. It is further ordered, adjudged and decreed that, as to the defendants, Emile Breaux and Louis Breaux, the judgment appealed from be affirmed.

The CHIEF JUSTICE and MR. JUSTICE BREAUX, dissent.