No. 14.065.

STATE OF LOUISIANA VS. JACK SIMS AND GUS MAYS:

SYLLABUS.

1.  A confession in which one of the defendants owned that he had sold the property and said that he had disposed of it under the direction of his co-defendant, is admissible in so far as he is concerned, and not against his co-defendant, as to whom the jury was instructed that it should not have any effect. Confessions are to have effect only against the parties making them. State vs. Havelin, 6 Ann. 167 ; State vs. Fontaine, 26 Ann. 513 ; State vs. Harris and Nellum, 27 Ann. 573 ; State vs. Johnson, 47 Ann. 1230.

2.  A defendant may testify in his own behalf, although he may try to cast the guilt upon his associates. It may bear upon his credibility, but does not present grounds to exclude his testimony. Underhill Crim. Ev., p. 77. The " testimony is admissible for or against the other under instructions from the trial judge to the jury to restrict such testimony." State vs. Adams, 40 Ann. 213 ; State vs. Wright, 41 Ann. 600.

3.  The defendants were indicted jointly and no objection was made to a joint trial.

4.  The court is entrusted with some discretion to permit the prosecution or the defense to bring in additional testimony after the close of the evidence and before the argument has begun. 31 Ann. 267 ; 39 Ann. 319.

A PPEAL from the Fifth Judicial District, Parish of Jackson.— *Dawkins, Special J.*

*Walter Guion,* Attorney General, and *A. B. Hundley,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*F. W. Price (Charles B. Roberts,* of Counsel), for Defendant, Mays, Appellant.

The opinion of the court was delivered by

BREAUX, J. From a verdict and sentence condemning him to hard

labor for twelve months, one of the defendants, Gus Mays, appeals. He and Jake Sims were charged with having stolen a bale of cotton. They were both indicted and stood their trial together. A mistrial was entered as to Jake Sims and Mays was condemned as before mentioned.

The first contention pressed upon our attention by counsel for Mays is based upon the facts narrated in his bill of exceptions to the court's ruling in admitting the confession of Jake Sims in evidence. Mays' counsel contends that the testimony was inadmissible; that the confessions of an accused, after the alleged crime, are not admissible against a person jointly indicted for the same crime. To the declaration of Sims, made during the asserted confession, that "Gus Mays hired him to haul the cotton and sell it," defendant, Mays, particularly objected as being inadmissible.

The court overruled the objection and permitted the confession of the defendant, Sims, to be introduced, stating that, at the time the introduction of the testimony was objected to, he, the judge, stated to the jury that the confession could only affect Sims, by whom it had been made, and that he reiterated this statement to the jury immediately after he had ruled upon the objection raised by defendant.

We note that no severance was asked for by either of the defendants.

In all the decisions in which the question before us has been discussed by this court, it has been held that the confession was admissible as against the defendant by whom it had been made, and the jury was instructed to limit the application of the admission to the defendant by whom it had been made.

In the first decision we have had occasion to consult, the court said that the admission was not evidence against the defendant by whom it had not been made, but against the one by whom it had been made, and it follows from the narrative of the bill of exceptions, although not expressly stated, that the court received it against the latter alone. State vs. Havelin, 6 Ann. 167.

In a case of more recent date the error in receiving the admission was committed in not having instructed the jury to limit the application to the defendant by whom it had been made. State vs. Fontaine, 26th Ann. 513. See also State vs. Harris and Nellum, 27th Ann. 573.

Similar objection was made in a case of comparatively recent date. The court in that case was unanimously of the opinion that a con-

fession is admissible "under the instruction of the court to the jury that the evidence was admissible only against the accused" and was not to affect others prosecuted and tried jointly. State vs. Johnson, 47 Ann. 1230.

The next objection presented in behalf of the appellant grows out of the fact that Jake Sims, with whom, as we before stated, Mays was tried, became a witness and said that Mays, appellant, with whom he was being tried, "hired him" (witness and defendant Sims) "to haul the bale of cotton" in question to Ruston and "sell it for him." (Brackets ours.)

To this appellant, Mays, objected, in substance, on the ground that the testimony of the defendant jointly prosecuted with him, incriminated him, and that that was its only purpose and end.

The court overruled the objection and admitted the testimony. In the narrative of the bill reserved to the ruling, the court states that pains was taken fully to instruct the jury not to give any effect to the testimony as against Mays the joint defendant, now the appellant, "that they should acquit defendant, Mays, unless they should find from the evidence introduced in the case other than that introduced in behalf of defendant, Sims, or testified to by him, sufficient to justify conviction of defendant, Mays."

We are constrained to hold that defendant, Sims, was entitled to testify in his own behalf. We take as settled that the one accused with him could not have that right curtailed by contending that the testimony had the effect of incriminating him. The extent of his right was to have the effect limited to the defendant witness, Sims. This we have seen was done by the court.

The evidence was received, only as to the accused who chose to testify. It was restricted as to its effect to him alone. The goods alleged to have been stolen were found in his possession. In accounting for the possession he could be heard in his own behalf. If he chose to accuse anyone he fancied, it remained for the jury to determine, in so far as he was concerned, whether or not he was telling the truth. This testimony could not have any effect in law against anyone, not even the one with whom he was prosecuted. The court must presume, under the rule laid down in repeated decisions, that the jury heeded the instructions of the court and that they gave no importance, as against anyone else, to the testimony of a witness who was seeking to obtain his acquittal from the charge brought against him. The

testimony was not laid before them as against Mays. We do not think that we would be warranted in assuming that the jurors none the less persisted in considering it as against him despite the instruction received by them.

In oral argument at the bar, counsel for the defendant forcibly argued that under prior rulings of this court in cited decisions *infra* the testimony was not admissible, that a witness can be heard in his own behalf, but that he should not be heard to incriminate one with whom he jointly tried. We have not found these views in consonance with our analysis of these decisions.

The court held in the first, in point of time, of the cited decisions that one defendant jointly tried with another is not to be called to testify for or against his co-defendant, but it was not held that he should not be permitted under proper instructions to the jury to testify in his own behalf. "One of several defendants jointly tried who becomes a witness for himself is a witness for all purposes, and his testimony while a witness in his own behalf is in no way incompetent merely because it may be injurious or beneficial to a co-defendant. The fact that, as usually happens, he tries to exonerate himself by casting the guilt upon his associate, while it may bear upon his credibility, is otherwise immaterial." Underhill Crim. Ev., p. 77.

In this State an additional safeguard is laid down requiring the judge properly to instruct the jury that this testimony is of no weight against his co-defendant.

We have carefully considered the decisions cited. We have not succeeded in arriving at the conclusion that either holds that a defendant cannot be heard to testify in his own behalf even if the defendant incriminated the other defendant, provided that under proper instructions the effect of the testimony is restricted as before mentioned. "The statute permits an accused to testify voluntarily on his own behalf." State vs. Angel, 52 Ann. 486.

In another case of date more recent, the court said that the testimony of a witness in his own behalf was admitted, but not in behalf of the two other persons charged. State vs. Breaux *et als.,* 104 La. 546.

We do not interpret these decisions as holding that one defendant cannot be heard to· testify in his own behalf, if the jury is properly instructed to attach no importance to it as relates to another

being tried. The question of credibility is left to the jury. They are to determine what effect is to be given to the statement of an accused intent upon saving himself.

The courts, as we read the authorities upon the subject, must have concluded that the impairing effect of the fact that an accused testifies in his own behalf and the admonition of the court that his testimony must be restricted in its effect to him alone would be protection enough to another party to the defense.

This brings us to a consideration of the grounds brought up in the second bill of exceptions. The statement of the judge made part of this bill does not, in our view, present an objection which would justify us in setting aside the verdict and sentence. He sets forth that the State had introduced her evidence. Then followed Sims who introduced his, and lastly, Mays followed with his evidence. The court then inquired of the District Attorney if the State had any rebuttal testimony to offer, to which this officer replied, informing the court he had no further testimony. At this time counsel for Sims said that he had other testimony. To this application the District Attorney answered that he had no objection. Mays, through counsel, objected. The court overruled the objection and admitted the testimony for the reason, we are informed by the narrative in the bill, that one of Mays' witnesses testified that Sims had confessed his guilt. The court then heard testimony regarding the reputation for truth and veracity of the witness to this confession. The court adds: "These alleged confessions had been first raised by defendant, Mays, after the evidence of Sims had been closed." We take it from this statement that this was not a mistaken re-opening of the taking of evidence nor a rebuttal of rebuttal testimony.

The statement of Sims' admission of guilt was made after Sims had closed his testimony and he had no opportunity to meet it. He was, for that reason, permitted to offer a witness with the view of impeaching the veracity of the incriminating witness. Even if the admission of this testimony had been offered somewhat late in the trial, it would fall within the rule allowing some latitude to the trial judge in this respect. State vs. Woods, 31 Ann. 267; State vs. Hebert, 39 Ann. 311; State vs. Gonsoulin, 38 Ann. 459.

A motion for a new trial was filed. It was overruled. It brought up points by the bill of exceptions which have already been decided. It does not require any further attention from the court, as it presents

no new issue. The court sets forth in this bill: "The court refused the new .trial because the law and the evidence justified the conviction of the defendant, Mays." Defendant moved the court to correct the judgment on the ground that the indictment charged no crime, as it failed to show that the "cotton was taken with the intent to appropriate to his, the taker's, own use and fails to allege that it was taken with the felonious intent of depriving the owner of the same." "The indictment sets forth the property and by whom it was owned and charges that the same being then and there found the defendant did then and there feloniously steal, take, and carry away, contrary to the form of the statute." This was held sufficient in State vs. DeSarrant, 33 Ann. 979.

It having been decided in the just cited case that the criminal intent was sufficiently shown, by averring that the act was feloniously committed, and that it necessarily followed that it must have been committed *lucri causa,* and to deprive the owner of the property, we have not found good reason to set aside the rule previously laid down.

We have reviewed the proceedings as carefully as we could and have not found error or irregularity which would justify the court in setting them aside.

It is ordered, adjudged and decreed, that the sentence and judgment be affirmed.