(61 South. 681.)

No. 19,810.

STATE v. GRESHAM et al.

(March 31, 1913.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 622*)—SEVERANCE—DISCRETION.

Applications for severance on the trial of a cause are addressed to the discretion of the trial judge. State v. Lee, 46 La. Ann. 623, 15 South. 159; State v. Desroche, 47 La. Ann. 651, 17 South. 209; State v. St. Paul, 110 La. 722, 34 South. 750; State v. Johnson, 116 La. 856, 41 South. 117.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. § 622.*]

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Mrs. Mary Gresham and Jessie Gresham were convicted of manslaughter, and they appeal. Affirmed.

W. R. Percy, of Minden, for appellants. R. G. Pleasant, Atty. Gen., and Thos. W. Robertson, Dist. Atty., of Minden (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendants were charged with the murder of their husband and father. John Fretwell and Felton Green were also charged in the same indictment. The state asked for a severance and that Mrs. Mary Gresham and Jessie Gresham be tried at one time, and John Fretwell and Felton Green at a different time, for the reason that the state desired to use, and would use, the evidence of Felton Green and John Fretwell against the other two defendants. The severance was granted. Fretwell and Green were tried first and convicted. Subsequently Mrs. Gresham and Jessie Gresham were tried and convicted of manslaughter; the latter two only have appealed.

There are five bills of exception in the record, three of which are taken to the rulings of the court granting the motion of the

state for a severance. Defendants allege that they protested against the severance asked for by the state, and further that Fretwell and Green had made public confessions, which went to show that they and these defendants had conspired together for the purpose of killing O. Z. Gresham, and that, their codefendants having been tried and convicted separately from these defendants, it was illegal to try the latter at all.

The bill of indictment makes an equal charge of murder against the four defendants, without any charge whatever of a conspiracy.

Separate trials are not matters of right where parties are jointly indicted for crime, even though a conspiracy be alleged. The trial court is vested with judicial discretion in such matters, and the exercise of that discretion is not the subject of revision, except for abuse. 8 Cyc. 687; State v. Lee, 46 La. Ann. 623, 15 South. 159; State v. St. Paul, 110 La. 722, 34 South. 750; State v. Johnson, 119 La. 856, 43 South. 981.

It is the general rule that, where several parties are charged jointly, there should be a severance (Bishop on Criminal Procedure, § 1019), although the matter is one to be determined by the trial judge.

In the case of State v. Desroche, 47 La. Ann. 651, 17 South. 209, where a severance had been applied for by the defendants and refused, we held that the severance should have been granted, inasmuch as confessions of the several defendants were to be used, and were used, on the trial of the cause against one another. In reaching the conclusion there announced, we state that:

"It is not to be understood there is any encroachment on the general rule that applications for severance are addressed to the discretion of the lower court. Nor is it to be inferred that this court will review the refusal of the lower court of such applications unless the bills show clearly that the application should be granted."

And in reviewing that decision in State v. Johnson, 116 La. 856, 41 South. 117, we say that the exception to the rule passed upon in the former case would seem to be removed by the passage of Act No. 185 of 1902, which has been amended by Act No. 41 of 1904, p. 77, which gives to the accused the right to testify in his own behalf.

The ruling of the trial judge herein will not be disturbed.

The third bill of exceptions is taken to the statement made by the district attorney in the course of his argument to the effect that the grand jury would not have lightly returned a true bill against these defendants.

The reasons contained in this bill, as submitted by the trial judge, are to the effect that defendants' counsel had stated that the prosecution was a persecution of his clients, and that the district attorney and sheriff "had been made goats of," and that the reply of the district attorney was that he and the sheriff had not filed an information in the case, but that a bill of indictment had been found by the grand jury. It further appears that the court instructed the jury to pay no attention to any extraneous remarks made by counsel, and specially charged the jury that the bill of indictment was no presumption of the guilt of the defendants. Defendants were not injured by said remark or ruling, and they are not entitled to any relief.

The next bill is taken to the verdict on the ground that it is contrary to the law and the evidence.

We have not the evidence before us, and we could not consider it if we had. The charge was murder, and the verdict was for manslaughter; it is in accordance with law.

The judgment appealed from is affirmed.

PROVOSTY, J., takes no part, not having heard the argument.