Defendants are jointly charged by information with the robbery, on the 23d day of July, 1928, of Le Breton Market Branch of the Canal Bank Trust Company in the city of New Orleans of the sum of $4,300.
After refusal by the trial judge of applications for severance of trial, defendants were tried by jury, found guilty as charged, and each was sentenced to the state penitentiary for a term of not less than four years and eight months and not more than fourteen years.
The record contains fourteen bills of exception. Five of these bills, reserved by the defendants La Rocca and Bernard are similar, and will be considered and disposed of in connection with each other.
 Bills No. 1 (La Rocca and Bernard).
Defendants filed motions for severance of trial in order that they might have the benefit of the testimony of their codefendants. These motions were overruled and bills reserved. Before making the motions for severance, defendants were furnished by the district attorney with a written statement of what one Mitchell Porretto would testify to as a witness on behalf of the state, and typewritten copies of this statement were annexed in support of the motions. On the trial of the case, Porretto testified, in substance, as set forth in his written statement.
It appears from this statement that Porretto was present and heard the three defendants *Page 207 
conspire to rob the bank, and furnished his car to them for that purpose; that defendants agreed, in the presence of Porretto, that La Rocca should drive the car and that Bernard and Martin should enter the bank and commit the actual robbery; that defendants all returned in the car to Porretto's place of business, immediately after the robbery, with the money in their possession, and asked him to conceal them in the attic loft of his place of business, and that Porretto did so.
As disclosed in the respective motions for severance, the defense of each of the defendants is that he is not guilty of the crime, and that Porretto's statement is false in every particular. On the trial, each defendant relied upon a separate and distinct alibi. At the hour the robbery was committed, La Rocca claimed that he was at Biloxi, Miss.; Bernard claimed that he was at Spanish Fort in the city of New Orleans; and Martin claimed that he was at another place.
It is manifest that the pleas of not guilty entered by defendants, and the three separate and distinct alibis relied upon by them, are not antagonistic defenses, entitling defendants to a severance as a matter of right.
In State v. Gresham et al., 132 La. 594, 595, 61 So. 681, it is said that: "Separate trials are not matters of right where parties are jointly indicted for crime, even though a conspiracy
be alleged. The trial court is vested with judicial discretion in such matters, and the exercise of that discretion is not the subject of revision, except for abuse. 8 Cyc. 687; State v. Lee, 46 La. Ann. 623, 15 So. 159; State v. St. Paul, 110 La. 722, 34 So. 750; State v. Johnson, 119 La. [130] 856, 43 So. 981."
The granting of a severance of trial is a matter within the sound discretion of the trial judge, except when the evidence discloses that different defendants have antagonistic *Page 208 defenses. And, where it is not shown that the defenses of the joint defendants were antagonistic, the plea for severance is properly overruled. State v. Havelin, 6 La. Ann. 167; State v. Jackson, 29 La. Ann. 354; State v. Johnson, 35 La. Ann. 842; State v. Desroche, 47 La. Ann. 651, 17 So. 209; State v. Taylor, 45 La. Ann. 605, 12 So. 927.
The contention in this case that defendants are entitled to a severance as a matter of right, upon the mere ground that, as joint defendants on trial at the same time, the one cannot be permitted to testify for the other, is without sound authority to support it.
Such contention is based upon State v. Smith, 156 La. 689, 101 So. 22. In that case, defendant excepted to the following instruction given by the court to the jury: "If a codefendant charged and tried together with his codefendant for the same alleged offense takes the stand as a witness, his testimony should be considered by the jury only as it relates to himself. The testimony of one codefendant should not be considered by the jury either against or in favor of the other codefendant."
In commenting upon this charge to the jury, the court said in the Smith Case: "Counsel in urging this ground for a new trial has evidently been misled by the case of State v. Lebleu,137 La. 1007, 69 So. 808, which holds that the jurisprudence founded upon the law as it stood prior to the adoption of Act 41 of 1904 was correct, but that the adoption of the act of 1904 authorized a party accused to testify in favor of a joint defendant. Act 157 of 1916 repeals Act 41 of 1904, and readopts, without material changes, the language of section 2 of Act 29 of 1886, as amended by Act 185 of 1902. Therefore the jurisprudence as it existed prior to the adoption of Act 41 of 1904 must be adhered to now, and the Lebleu Case, which merely interpreted an act that has since been repealed, *Page 209 
can have no application. The doctrine announced in State v. Sims,106 La. 453, 31 So. 71, State v. Breaux, 104 La. 540, 29 So. 222, and State v. Angel, 52 La. Ann. 485, 27 So. 214, holds that, where two or more persons are charged in the same indictment and are tried at the same time, each one of them may be a witness in his own behalf, but he cannot be a witness on behalf of his codefendants. The remedy is to ask for a severance. The instruction excepted to was correct and it is in accord with the jurisprudence of the state."
In State v. Angel, 52 La. Ann. 486, 27 So. 215, cited in the Smith Case, it is said:
"These parties were being tried together. They might have askeda severance, and been separately tried. Had this been done, the one might have called the other as a witness on his behalf. Rice, Ev. [Criminal] § 327; State v. Mason, 38 La. Ann. 476; State v. Hamilton, 35 La. Ann. 1043; State v. Russell, 33 La. Ann. 135; State v. Prudhomme, 25 La. Ann. 523.
"But the rule is different where, indicted as principals in the same bill, the accused went to trial at the same time.
"In such case the one co-defendant cannot make of the other a witness for himself."
Not one of the cases cited in the Angel Case holds that defendants on joint trial are entitled to a severance upon the mere asking for it.
The announcements in the Smith Case that "The remedy is to ask for a severance," and in the Angel Case that "These parties * * * might have asked a severance, and been separately tried," are merely loose and inaccurate expressions of the court, and are not in accord with the uniform jurisprudence of this state on the subject of severance of trials, if such expressions may be construed as granting a severance to joint defendants, as amatter of right, and merely on the *Page 210 
ground that one codefendant may desire, or is willing, to testify for another defendant then on trial.
As a matter of fact, no severance had been applied for in the lower court in the Smith Case or in the Angel Case, and the question as to the right of a defendant on joint trial to claim a severance was not before the court for decision in either case.
The general rule in this state — that the testimony of a codefendant may not be received for or against a defendant on joint trial — is founded in a wise public policy, the purpose of which is to prevent perjury in such cases, either in behalf of or against a codefendant, and is adopted also for the protection of the codefendant himself. It is only where the defenses are antagonistic that the general rule is relaxed and severance of trial is permitted.
Even in cases where a severance has not been asked for, or has been refused, each codefendant is protected against the adverse testimony of his codefendant, under the charge of the court to the jury not to consider such testimony. State v. Sims,106 La. 453, 455, 456, 31 So. 71. Where the defenses are not antagonistic, the courts of this state do not consider that codefendants may be prejudiced by joint trial.
In State v. Sims et al., 106 La. 453, 454, 31 So. 71, also cited in the Smith Case, a confession was made by one of the defendants implicating the other, who had not confessed, in the theft of a bale of cotton. This confession was admitted in evidence, but was restricted in its effect to the defendant making it. It is said in the opinion that: "We note that no severance was asked by either of the defendants." This was an appropriate case for the granting of a severance, if it had been seasonably requested. It is proper for the trial judge to grant a severance in case the confession of one jointly indicted *Page 211 
may implicate both, if the prosecution intends to offer same. State v. Robinson, 52 La. Ann. 616, 27 So. 124.
We know of no case in our jurisprudence in which it has been held advisedly by this court that codefendants on joint trial are entitled to a severance, as a matter of right, merely because one codefendant may desire, or be willing, to testify for the other codefendants.
To so hold would be to ignore the uniform jurisprudence in this state, commencing as early as the case of State v. Havelin, 6 La. Ann. 167, and continuing in unbroken line down to the present time.
Such a doctrine, without check or limitation, would be destructive to the efficient administration of public justice in all cases of major crimes committed in mass formation, such as the bank robberies of to-day, since the state would be compelled to have a separate trial for each of the codefendants in every case, before a conviction or acquittal could be had. Such a condition in the courts of this state would lead, in many cases, not only to a travesty upon public justice, but also to protracted and unreasonable delays in the enforcement of the law, should conviction be finally secured.
The defendants do not come within any of the exceptions entitling them to a severance as a matter of right. Their defenses are not antagonistic. No confession has been made by any one of the defendants implicating the others; but all the defendants, shortly after the robbery of the bank, repaired to Porretto's place of business with the fruits of the crime, and were concealed by him in an attic loft.
It is elementary that the acts and declarations of a conspirator, made during the continuance of the conspiracy and in the execution of the common design, are admissible not only against him, but against all of the other conspirators, although such acts and *Page 212 
declarations may have taken place out of their presence. State v. Bolden, 109 La. 484, 487, 33 So. 571; State v. Ford, 37 La. Ann. 443, 460; Wharton Crim. Ev. §§ 698, 701.
It was as to these matters that Porretto, the state witness, testified.
 Bills No. 2 (La Rocca and Bernard).
The defendants La Rocca and Bernard excepted to the testimony of Mitchell Porretto on the trial of the case on the ground that he was incompetent to testify because he was charged in an affidavit as accessory before the fact to the robbery, and could have been included in the information against defendants as a principal and joint defendant.
In the per curiam to this bill, the trial judge states that the evidence in the case shows that Porretto is an accessory before the fact and not a principal, as he was not present, actually or constructively, at the time the robbery was committed.
"All persons aiding, advising, or abetting the commission of a crime are not principals; for the aiders, advisers, and abettors who are not present, actually or constructively, are accessories. And, to be convicted as an accessory a person must be indicted as such." State v. Walters, 135 La. 1072, 1103, 66 So. 364, 376.
"At common law one indicted as principal cannot be convicted on proof showing him to be only an accessory before the fact, nor the converse." 1 Wharton Crim. Law (11th Ed.) § 242.
Porretto could not have been indicted, properly and legally, as a principal with the defendants. In fact, he was not indicted at all in any proceeding, but was merely held in custody as an accessory before the fact under an affidavit.
In this state it makes no difference whether an accomplice, who becomes a witness, has been convicted or not, or whether he is *Page 213 
joined in the same indictment with the prisoner charged, provided he is not put upon his trial at the same time. An accomplice is a competent witness under our law, and the fact that he is an accomplice affects his credibility only. State v. Prudhomme, 25 La. Ann. 522; Roscoe, 120; 2 Hawk. P.C. c. 46, § 90; Stocking v. State, 7 Ind. 326; 1 Greenl. § 379; State v. Russell, 33 La. Ann. 135; Archbold Crim. Prac. Plead. pp. 500, 501, 502, 503; State v. Hamilton, 35 La. Ann. 1043; State v. Thompson, 47 La. Ann. 1598, 18 So. 621; State v. Angel, 52 La. Ann. 486, 27 So. 214.
It is held in the above cases that the rule that a codefendant may not testify for another defendant, when on joint trial, applies to principal offenders only and not to accomplices, who are competent witnesses until sentenced.
Porretto, the state witness, was therefore a competent witness, and his testimony was legally admitted.
 Bills Nos. 3 and 4 (La Rocca and Bernard).
On the trial of the case, the judge a quo charged the jury in his general charge that: "If a co-defendant charged and tried together with his co-defendant for the same alleged offense takes the stand as a witness, his testimony should be considered by the jury only as it relates to himself. The testimony of one co-defendant should not be considered by the jury either against or in favor of the other co-defendant."
The defendants objected to this charge, and reserved bills, and requested the trial judge to give the following instruction to the jury: "If any of the defendants or if all of them have testified as witnesses, then I charge you that you have the right to consider their testimony as you would that of any other witness, and either for or against the one so testifying, and either for or *Page 214 
against his co-defendants as you should decide from all the evidence."
The special charge requested was properly refused, as the law applicable to the testimony of a codefendant was correctly charged by the trial judge in his general charge to the jury. State v. Smith, 156 La. 689, 101 So. 22; State v. Dreher et al., No. 28943 Supreme Court Docket, 166 La. 924, 118 So. 85.
 Bills No. 5 (La Rocca and Bernard).
This bill was reserved by both defendants to the overruling of an original motion and a supplemental motion for a new trial.
The supplemental motion is based upon the ground that the ruling of the court in preventing the jury from considering the testimony of their codefendants denied to each of the defendants the due process of law, granted to him as a citizen of the United States by the Fourteenth Amendment of the Constitution of the United States.
Defendants were indicted in a court of competent jurisdiction. As a witness in his own behalf, each defendant was allowed to prove whatever was relevant to the case, but neither was permitted to testify for the other, because, being on trial with two others charged with crime in the same indictment, each of the defendants was incompetent to testify on behalf of his codefendants. State v. Breaux et al., 104 La. 540, 542, 29 So. 222.
It cannot be seriously contended by defendants that the Fourteenth Amendment as to due process of law has been violated in this case, merely because they were not permitted to have incompetent witnesses testify for them at the trial.
As a reason for not allowing one codefendant to make of the other a witness, where indicted as principals in the same bill, this court said, in State v. Angel, 52 La. Ann. 485, 486, 27 So. 214, "While in this case the codefendant was willing to go upon the stand *Page 215 
as a witness for the other, it is easy to foresee that, were a different ruling sustained than as above, it would sanction a practice that would likely result oftentimes in one on trial with another being called as a witness against his will, and greatly to his prejudice. And, though he might exercise his constitutional right, and refuse to give answers that might criminate himself, that itself would be forcing him into a situation fraught with embarrassment, if not of jeopardy, to his case."
The rule complained of by defendants operates alike and equally as to all principal offenders, actually or constructively present at the commission of a crime. As said in State v. Prudhomme, 25 La. Ann. 524: "If the principle, which permits an accomplice [accessory before the fact] to testify, be so restricted as to exclude all principals, it would have little practical importance."
The classification, therefore, is not arbitrary or unreasonable. Due process of law and the equal protection of the laws are had when the laws affect alike all persons similarly situated. Walston v. Nevin, 128 U.S. 582, 9 S. Ct. 192, 32 L. Ed. 544; Giozza v. Tiernan, 148 U.S. 662, 13 S. Ct. 721, 37 L. Ed. 599; Duncan v. Missouri, 152 U.S. 382, 14 S. Ct. 570, 38 L. Ed. 485.
It is contended that Act 157 of 1916, defining the competency of witnesses in criminal cases, violates section 2 and section 9 of article 1 of the State Constitution of the year 1921.
Section 2 of the Constitution declares that: "No person shall be deprived of life, liberty or property, except by due process of law."
Section 9 of the Constitution provides that the accused "shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor."
It is contended by the defendants that: "To deny an American citizen the right to *Page 216 
have the testimony of witnesses, who can testify to his innocence, considered by the jury is to deny him due process of law, in violation of Section 2, Article 1 of the Constitution."
In State v. Roberson, 133 La. 806, 824, 825, 63 So. 363, the wife of defendant was called as a witness in his behalf and was not permitted to testify. Defendant asserted that, under article 9 of the State Constitution, the wife could testify because the accused has the right to have compulsory process to procure the presence of witnesses and the benefit of their testimony. It was held that the article in question refers only to witnesses who are qualified to testify under the law, and does not define the competency of witnesses.
As defendants were already in court by compulsory process, they cannot claim that such process was denied them. Due process of law does not include the right on trial to the testimony of witnesses who are incompetent under the laws of the state to testify. Act 157 of 1916.
Unquestionably the state has the power to determine and define the competency of witnesses in both civil and criminal cases. Therefore Act 157 of 1916 is not unconstitutional because, under it, a codefendant is not permitted to testify on behalf of a defendant on joint trial.
The original motions for new trial assign as errors the rulings complained of in the various bills of exception already reviewed.
Bills 1, 2, 3, and 4, reserved by the defendant Martin, are similar to those reserved by the defendants La Rocca and Bernard, and, for the reasons assigned, are without merit.
The motions for new trial, original and supplemental, were properly overruled.
The conviction and sentence of each of the defendants are affirmed.
O'NIELL, C.J., dissents.
OVERTON and ST. PAUL, JJ., dissent on bill No. 1. *Page 217