No. 1722.—MICHAEL DALTON *v.* MRS. WIDOW E. VIOSCA AND GUSTAVE WEBER.

A party plaintiff in a rule, by alleging that a third party is an attaching creditor, and makes such party a defendant in the rule, is estopped from denying that he is a creditor; and such attaching creditor has the right to appeal from the judgment on the rule.

APPEAL from Sixth District Court, parish of Orleans. *Duplantier*, J. *George L. Bright*, for attaching creditor, appellant. *Buchanan & Gilmore*, for defendant and appellee. *Roselius & Philips*, for plaintiff Dalton, appellee.

LUDELING, C. J. On the twenty-third of January, 1863, judgment was rendered against E. Viosca and G. Weber for $800, with interest and costs. On the sixteenth of December, 1867, Mrs. E. Viosca took a rule on William Hartingan, tutor of the minor heir of Michael Dalton, and on Alfred Kearney, attaching creditor of Michael Dalton, to show cause why, on Mrs. Viosca depositing one half of said judgment in the hands of the sheriff, satisfaction of judgment shall not be entered in her favor. The proceeding is novel, and, we think, unauthorized by law. It is an attempt to have one judge interpret or construe a final judgment rendered by his predecessor. But as no objection has been urged to the manner of proceeding, we will pass upon the questions raised.

It is contended that as the creditor alone appealed, the judgment of the district court is final between the plaintiff in the rule and Dalton's

heir, who owns the judgment, and therefore the creditor (if a creditor) can not maintain this appeal, and recover more from Mrs. Viosca than she owes to the succession.

· The plaintiff in the rule having alleged that Kearney was an attaching creditor (as having attached the judgment in question) is estopped from denying that he is a creditor. Besides, he is made a party to the rule. We think Kearney has a right to maintain his appeal.

An examination of the judgment against Mrs. Viosca and Weber, and the pleadings in the suit, leaves no room to doubt that the judgment is against each debtor for the whole amount. 3 La. 282; 14 An. 831.

It is therefore ordered and adjudged that the judgment of the district court, in so far as it affects the appellant be avoided and reversed, and that the rule be dismissed, with costs in both courts.