Locke, Tutrix, v. Barrow.

## No. 4487.

### E. LOCKE, Tutrix *v.* ROBERT R. BARROW.

A judgment of nonsuit based upon the mere failure of a plaintiff to appear, can not be regarded as a voluntary abandonment of the claim. The suit was sufficient to interrupt prescription.

Where it might be true that, technically, a widow had never qualified as administratrix of her husband's succession, yet where she qualified as tutrix to her minor children, she necessarily became administratrix of his succession, and payment to her as such of a debt due to the succession would be valid.

APPEAL from the Fifteenth District Court, parish of Terrebonne. *Louis West*, Acting Judge. *Tobias Gibson, Breaux, Fenner & Hall,* for plaintiff and appellant. *F. S. Goode*, for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Morgan.

MORGAN, J. Plaintiff seeks to recover from the defendant the amount of two promissory notes drawn by him to the order of Samuel Locke, dated March 17, 1865, payable twelve months after date, one for $553 27, and one for $634 38, upon which plaintiff acknowledges the receipt of $50. Citation was served on the nineteenth April, 1872. The defense is prescription.

Plaintiff contends that prescription has been interrupted.

Samuel Locke died in July, 1865. Soon afterwards, Mrs. Locke presented a petition to the Second District Court of New Orleans, representing that there were no debts due by the estate, and praying that as natural tutrix and usufructuary, she might be put in possession of his property, which was granted. It is not denied that the notes sued on formed a part of the property of the succession.

In 1867 she instituted suit on the notes in question, in the name of Mrs. Emilina Guesdon, widow of Samuel Locke, and administratrix of his succession. The answer denied that she was the duly qualified administratrix of her deceased husband's estate. Upon these pleadings the case rested until the eighth November, 1871, when being assigned for trial, and the plaintiff and her counsel being absent and having been called at the courthouse door, and not answering, judgment of nonsuit was entered against her.

The defendant claims;

I. That not having appeared when called on, the day the case was fixed for trial, she must be held to have abandoned the suit; and

II. That she sued in a capacity which she did not possess, and that the suit did not interrupt prescription.

*First*—Voluntary abandonment does put an end to a suit, and a judgment rendered against a plaintiff on this ground puts an end to the pretensions which he set up; he can never be heard upon them again. But this abandonment must be express or positively implied; for instance, when he declares that he voluntarily abandons his pursuit; or by some other voluntary act showing a clear intention to do

Locke, Tutrix, v. Barrow.

so.   We can not regard a judgment of nonsuit based upon the mere failure of a plaintiff to appear as a voluntary abandonment of his claim. Upon this point we give our adhesion to the doctrine laid down in 3 La. 282 ; 11 R. 250; 7 An. 523; 8 An. 453, 469; 10 An. 331.

*Second*—The suit instituted by Mrs. Locke was sufficient to interrupt prescription.   It may be true that, technically, she never qualified as administratrix of her husband's succession, but when she qualified as tutrix to her minor children, she necessarily became administratrix of his succession.   Payment to her would have discharged the debt, and this is the only interest which the defendant had in the matter.

It is therefore ordered, adjudged and decreed, that judgment of the district court be avoided and reversed, and that there be judgment in favor of the plaintiff and against the defendant for the sum of eleven hundred and thirty-seven dollars and sixty-five cents, with eight per cent. interest from the seventeenth March, 1865, until paid, appellee to pay the costs of appeal