(34 South. 750.)

No. 14,903.

STATE ex rel. NEW ORLEANS & C. R., LIGHT & POWER CO. v. ST. PAUL, Judge.

(June 23, 1903.)

MANDAMUS TO JUDGE—SEVERANCE AT TRIAL.

1. As a matter of reason and authority, the determination of the question of severance vel non involves the exercise of a judicial discretion vested in the trial judge, and his action in the premises is not reviewable by mandamus.

(Syllabus by the Court.)

Application by the state, on the relation of the New Orleans & Carrollton Railroad, Light & Power Company, for writ of mandamus to John St. Paul, judge of Division C of the Civil District Court. Denied.

Dart & Kernan, for relator. Respondent judge pro se. George F. Batley, George Montgomery, and Hubert M. Ansley, for respondent Eva Keller, tutrix.

### Statement of the Case.

MONROE, J. Relator alleges that it is one of the defendants in an action in damages brought in the civil district court by Mrs. Eva Keller, individually and as tutrix, against it and the Security Brewing Company; that she asserts therein that her husband, the father of her minor children, whilst in the employ of said brewing company, operating an illuminating apparatus furnished

by it and by this relator, and used for lighting the stables of said company, was killed, by receiving through his body a current of electricity—a casualty which resulted from the defective condition of the apparatus so furnished, and from the fact that her husband was not provided with a safe place in which to do the work required of him; and that the said action is founded, as against relator, upon an alleged tort, and, as against the brewing company, upon an alleged breach of contract.

Relator further alleges that when the case was called for trial it moved for a severance, upon the ground that the defenses to be urged by it might prove contrary and antagonistic to those urged by its codefendant, and that the motion was denied; that the case was then continued on account of the absence of a witness; and that, unless granted a severance, it (relator) may be hampered in its defense. It therefore prays for a writ of mandamus, directing the respondent judge to grant the severance prayed for. Annexed to the petition is a note of the proceedings referred to, as follows:

"By Mr. Dart: This case having been called for trial, * * * before the pleadings were read, and at the call of the case, counsel for defendant the New Orleans & Carrollton Light & Power Company presented a motion for a separate trial of the issues herein raised, which motion is hereto annexed as part of this statement of facts, expressing his willingness to proceed immediately with the trial of his case himself, if plaintiff so elected, and asking for no time or delay whatsoever, which application being opposed by counsel for the plaintiff, the court made the following ruling: By the Court: The court, being of opinion that the question of separate trial is not a matter of right, but is within the discretion of the court, and not believing that that discretion can be properly exercised by granting a severance at this time, * * * presently refuses to do so; but the court is not prepared to say * * * that if, during the course of the trial, a severance should become necessary, it will refuse it. On the contrary, it announces now that if, in the course of the trial, it should be shown that the interests of the parties defendant require a severance, it will be granted."

The case was then continued at the request of counsel for plaintiff on account of the absence of an important witness.

The respondent judge, by way of return, refers to the fact that the motion for severance was not presented until the case was called for trial, and to the ruling then made, and he further says "that it does not appear to him that the relator is entitled, as a matter of right and upon the face of the papers, to such severance; that, as decided in Prall v. Peet's Curator, 3 La. 280, and Clement v. Wafer, 12 La. Ann. 602, the question of severance is one lying within the discretion of the court, and that respondent's understanding of the authorities relied on by the relator is that the * * * severance is a matter of right only in cases where an exception of misjoinder would lie, and where plaintiff might be required to elect, as between several defendants, against which one he would proceed, or where plaintiff declares upon separate causes of action against several defendants. In the present case, respondent's understanding of the pleadings herein is that the plaintiff's cause of action against both the defendants is pitched upon defective appliances furnished jointly by both defendants, and that, although additional causes of action are set forth against one of the defendants, the gravamen of the complaint is against both jointly for the defective appliances; that, in so far as the defenses of the parties appear from the pleadings, they are at the present time not antagonistic, but apparently identical. And respondent submits * * * that his ruling refusing a severance, at the present time, but declaring that, if a severance should become necessary during the course of the trial, the same would be granted, was the proper ruling, under the circumstances."

## Opinion.

We are aware of no law which requires the trial judge to grant severances in all civil and criminal cases, or in any particular class of cases, whether civil or criminal; and whilst our predecessors have, at times, used language which may be susceptible of the interpretation that severances might have been demanded, as of right, by the parties then before them, it is not altogether clear that such was the meaning intended, and the

weight of authority sustains the proposition that it is for the trial judge to determine, in the exercise of a sound judicial discretion, when a severance should be granted and when denied. Thus, in Sere v. Armitage et al., 9 Mart. (O. S.) 394, 13 Am. Dec. 311, the plaintiff sued a constable and another person, who was alleged to have assisted or participated with him in the misconduct complained of, for damages for ill treatment and false imprisonment. The defendants pleaded separately; the constable alleging that he had acted in his official capacity, under a writ from a competent court. There was a verdict for $500 against both defendants, and it was contended that it was illegal, in that it assessed the damages jointly, when the defendants had pleaded separately. Mr. Justice Porter, the organ of the court, said:

"As to the irregularity of the verdict, I understand the law to be that the defendants, having pleaded separately, might, if they had judged it advantageous, have had their cases tried separately. [Citing Proprietors of Kennebeck Purchase v. Boulton, 4 Mass. 419; 1 Johns. 190; 11 Coke, 5.] But having submitted, without objection, to let the jury pass on them together, and take their chances of a verdict in that way, it is now too late for either of them to insist that the case should be examined over again."

In Arrowsmith v. Mayor et al., 17 La. 420, the City of New Orleans and the City Surveyor were joined as defendants in an action for damages, and they filed separate answers and insisted on separate trials; and, on the refusal of the court to grant the same, the matter was presented to this court, where it was said by Martin, J., that they had pleaded separately, "as they had a right to do," and, one of them being sued on a contract, and the other on a tort, were entitled to the severance. The judgment was accordingly reversed, and the case remanded. These cases are cited in Holzab v. R. Co., 38 La. Ann. 187, 58 Am. Rep. 177; Riggs & Bros. v. Bell et al., 39 La. Ann. 1031, 3 South. 183; and Cline v. R. Co. and City, 41 La. Ann. 1031, 6 South. 851. But nowhere is it held that the severance was so much a matter of right as to deprive the trial judge of all discretion, and to entitle the party to whom it is denied to a writ of mandamus. On the contrary, in each of the instances mentioned, the question was brought to this court by appeal, and there is no intimation that mandamus would have been the proper remedy. In Prall v. Peet's Curator, 3 La. 280, it was held that joint and several obligors are not entitled to separate trials. In Clement v. Wafer, 12 La. Ann. 599, the plaintiff joined several persons as defendants in a suit for damages, making in some respects separate charges against each of them, and to one of them a separate trial was allowed. On the appeal, this court, through Merrick, C. J., said: "The judge, in the exercise of a reasonable discretion, has the right to direct a separate trial as to one or more defendants."

In the criminal jurisprudence of the state, it seems to be now settled "that persons jointly indicted are not entitled to a severance of trial, as a matter of right, though the trial judge may, in the exercise of his discretion, grant a severance." State v. Robinson et al., 52 La. Ann. 623, 27 South. 124; State v. Lee et al., 46 La. Ann. 628, 15 South. 159; State v. Cazeau and Blanchard, 8 La. Ann. 109; State v. Leonard, 6 La. Ann. 422. In some other jurisdictions the question is regulated by statute, and even then the question of granting or refusing the severance seems to be left to the discretion of the court, subject to the right of appeal. 19 Ency. of Pl. & Pr. p. 1114.

Upon the whole, as a matter of reason as well as of authority, our conclusion is that the determination of the question of severance, vel non, involves the exercise of a judicial discretion vested in the district judge, and that his action in the premises is not reviewable by mandamus.

It is therefore ordered, adjudged, and decreed that the application of the relator be denied, and this proceeding dismissed, at its (relator's) cost.