### BREWER v. FOSHEE et al.

#### No. 5479.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1937.

Rehearing Denied July 19, 1937.

Writ of Certiorari and Review Granted Nov. 2, 1937.

Rusca & Cunningham, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, and J. B. Crow, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, the holder of the following described notes of the defendant, J. M. Foshee, one for $100, less credits hereinafter discussed, dated December 3, 1929, with 8 per cent. per annum interest from date, plus 10 per cent. attorney's fee, and secured by mortgage on four head of work stock and a log wagon and equipment; four for $83.75 each, dated December 3, 1929, maturing, respectively, January 3, February 3, March 3, and April 3, 1930, with 8 per cent. per annum interest and 10 per cent. attorney's fees in event sued on, and secured by mortgage on six head of work stock, including the above-mentioned four head, instituted this suit to foreclose said mortgages via ordinaria and to procure judgment in solido in personam against the maker and George Foshee, guarantor of the payment of all the notes. An exception of no cause and no right of action interposed by George Foshee being sustained by the lower court, an appeal was taken to and prosecuted in this court. The judgment was reversed and the case remanded for further proceedings. See 159 So. 456.

In limine, J. M. Foshee filed a motion of the nature of a bill of particulars wherein he moved the court to require the plaintiff to disclose the date of a credit of $25 appearing upon the reverse side of the $100 note, and the date the principal of said note was reduced to $75. This motion was in part sustained on November 24, 1934, and plaintiff ordered to furnish the information sought. The minute entry reads, "and defendant, J. M. Foshee, to be furnished with date of the payment on the note within ten days from this date." The rule was not complied with within the term fixed and thereafter a motion to dismiss the suit was filed and urged. Hearing thereon was had on December 18, 1934. Defendant in rule was allowed five additional days to comply with the court's order. This was done by written answer filed December 19, 1934. The substance of the return is to the effect that all of the books and records of plaintiff were destroyed by fire prior to the institution of this suit, and he has no other record available from which to procure the information required by the rule; but, he says, to the best of his recollection and belief, said sum was paid just prior to the date of the execution of the several notes sued on, or December 3, 1929; that the absence of the date of the

payment from the credit entry on the note is due to inadvertence. Further answering, he says:

"* * * that defendant is, or should be, in possession of the information called for. That the only possible effect the date the payment was made could have would be in the computation of interest on the unpaid part of the principal and as to that, plaintiff stands ready to concede to defendant the most favorable position with respect to date said credit should be allowed."

Defendant opposed the discharge of the rule, and the following minute entry reflects the court's action thereon:

"January 7th, 1935.

"S. H. Brewer v. J. M. Foshee et al., exception to the discharge of the rule heretofore tried, now the rule discharged as to the date of the credit on the back of the note only. Defendant given the right to refuse to answer until remainder of courts order is complied with."

The rule should have been held to be discharged. Plaintiff had done all he could do in the circumstances, and all he was ordered to do. In the meantime, several motions on behalf of George Foshee were filed and disposed of.

On July 10, 1935, plaintiff moved for default against both defendants. It was granted as to George Foshee, but denied as to J. M. Foshee "for the reason that certain information required to be furnished J. M. Foshee had not been furnished." George Foshee answered July 12, 1935. The minute entry of July 17, 1935, reveals the next action in the case, viz.:

"S. H. Brewer v. George Foshee et al.

"Motion made by counsel for defendant to fix case for trial, and objection made by counsel for the plaintiff and counsel for plaintiff files motion asking counsel for defendant to inform counsel for plaintiff what information he desires in answer to prayer for oyer; motion fixed for trial for July 19, 1935."

Plaintiff opposed the fixing of the case for trial because it was not at issue as to J. M. Foshee, the court refusing to allow entry of default. No action was had on this motion of plaintiff on July 19, 1935. It was the plaintiff's contention that he had complied with the court's order of November 24, 1934, as far as humanly possible, and that there was nothing lacking that he could do. Out of an

abundance of caution, he sought to have defendant inform him wherein the rule had not been met. Minute entry of October 23, 1935, follows:

"S. H. Brewer v. J. M. Foshee et al.

"Motion for default made by counsel for plaintiff and objected to by counsel for the defendant on same grounds heretofore urged. Question of whether default shall be granted or not taken under advisement by the court until he can examine the record."

We quote in extenso the minute entry in the case of October 26, 1935, which in some respects is rather astounding:

"S. H. Brewer v. J. M. Foshee.

"On suggestion of the counsel for defendant in regard to the correction of the minutes of October 23rd, the court does not recall as to whether a default was asked for or not. The court would not have permitted a default to be entered, should it have been asked for. The court does recall however that the matter was not taken under advisement, and upon examination of the minutes and the record, it is evident that the ruling of the court was plain and specific, and it is evident that it could not have been misinterpreted by counsel for plaintiff; that there is nothing now before the court to be passed on, and there was nothing before the court to be passed on, and there was no ruling of the court. The court having stated that it was not the court's duty to again inform counsel for plaintiff as to what proceedings should be taken. Counsel for plaintiff again asks for a default to be entered against J. M. Foshee. Objection made by counsel for the defendant J. M. Foshee to the entering of the default on the ground and for the reason that the question is res adjudicata, having heretofore been asked for and refused by the court.

"By the Court: It appears by the record that on July 10, 1935, an application for default was entered against George Foshee and denied against J. M. Foshee, for the reason that certain information required to be furnished had not been furnished. July 17, 1935, it further appears that a motion was made by counsel for defendant to fix the case for trial, which fixing was objected to by counsel for plaintiff. Counsel for plaintiff having filed a motion requesting counsel for the defendant to inform counsel for plaintiff what information he desired to be fur-nished. Which motion was set down for trial for July 19, 1935. It does not appear from the minutes that said motion was tried on July 19, 1935, or any subsequent date. That the trial of the motion is now pending to be heard by the court. That is now open for fixing. The objection to the motion for default is sustained by the court. The court is now open for the fixing of the motion which was to be tried on July 19, 1935.

"By Counsel for the plaintiff: The motion is now submitted in connection with the record.

"The court ex proprio motu fixes the motion for argument for October 30, 1935."

The entry of June 2, 1936, is as follows:

"S. H. Brewer v. J. M. Foshee et al.

"Motion to clarify argued by counsel.

"By the Court: It appears on the 26th day of October, 1935, counsel for plaintiff filed a motion requesting counsel for defendant to inform counsel for plaintiff what information he desired to be furnished, which motion was set down for July 19, 1935, and the motion being open for fixing on said October 26, 1935. The motion was submitted to the court in connection with the record. The court of its own motion on the 26th day of October, 1935, set the motion for argument on the 30th day of October, 1935. And on the 30th day of October, 1935, the motion was not presented to the court. The court now understands that the motion was filed seeking information for the defendant J. M. Foshee. The court now states that the information has been furnished and is complete, and the rule is entitled to be discharged in all its particulars except as to whether the credit of the back of the note in the amount of $25.00 is recognition of the same payment wherein on the face of the note it reduces from $100.00 to $75.00 the amount of the note, or whether two payments of $25.00 each were made and the dates thereof."

It will be noted that plaintiff is here ordered to do certain things and supply certain information not theretofore required of him by the court.

On June 10, 1936, plaintiff filed additional answer in an effort to comply with the court's new order, and the rule was finally discharged. Default was entered against J. M. Foshee on that date, practically two years after the suit was filed. In the interim, it is safe to assume the value of plain-

tiff's security had not enhanced. Foshee then answered.

On March 14, 1936, the case was ordered fixed for trial, on defendants' counsel's motion, on March 26, 1936. It was not then at issue as to J. M. Foshee. Plaintiff's counsel was not present nor was he officially advised of the fixing. When the case was called for trial on the date fixed, he was not present in court nor was he then in the city of Natchitoches. Defendants' counsel moved to dismiss the case as to George Foshee which, after some delay and attempts to locate absent counsel, was granted, and formal judgment signed dismissing the case in so far as concerns this defendant.

Plaintiff's counsel timely filed an application for a rehearing, coupling therewith a motion to set aside the judgment of nonsuit and to reinstate the case on the court's docket. This was denied. The motion recites the record history of the case and dwells at length upon the prolonged dilatory tactics employed by defendants to delay joinder of issue by default; and it is affirmatively averred therein that counsel had no knowledge that the case would be called for trial on March 26th as it was not at issue as to J. M. Foshee, principal debtor; that had he been in court when the case was fixed 'for trial, he would have objected thereto for this reason. Other averments are made and offered as grounds why the motion should be favorably acted upon.

J. M. Foshee in answer admits execution of the notes and mortgages sued on, but avers that all have been extinguished for the reasons assigned by him. He pleads extinguishment of the $100 note by several payments described in the answer. He says that the other four notes have been extinguished for these reasons, viz., that the amount thereof represented the price of two mules purchased by him from plaintiff on December 3, 1929; that in January, 1933, plaintiff demanded the return of the two mules, which were then in splendid condition and had a value equal to or in excess of their value when purchased by him, but did not then demand the payment of the notes; that he complied with said demand by delivering the mules into plaintiff's possession and as a consequence of the transaction, said notes have been discharged in full.

The lower court sustained defendants' contention that for the reasons above assigned, the four notes of $83.75 were extinguished, but gave judgment for the $100 against J. M. Foshee, less five credits aggregating $68, with interest and attorney's fees. Plaintiff appealed from both judgments.

There is not now any controversy about the proper amount of credits due on the $100 note. Those recognized by the lower court were all indorsed on the note and are correct.

We do not think defendant has established his contention that the other four notes were extinguished as a result of the transaction between him and plaintiff whereby the two mules were delivered to plaintiff. He does not affirmatively plead that it was so understood at the time, but so testified. Plaintiff is positive there was no such agreement. He testified that the understanding was that he would take over the mules and sell them for defendants' account for the best price to be had and credit it on the notes. He sold them for $190 and, after deducting $10 for incurred expenses, credited each note with $45. Both defendants were notified of this action and neither protested until they answered this suit, some three years thereafter. There are many circumstances supporting plaintiff's position. He was paid nothing on the price of the two mules. Defendant had used them four years in hard work. They were not then worth on the market as much as when purchased. The notes were not only secured by mortgage on the two mules, but by a mortgage on four additional head of work stock and also by George Foshee's guaranty, which must be good, judging from the vigorous resistance he has made to this suit. He will not be presumed to have remitted over 60 per cent. of the secured debt. From the continued possession of the notes, a presumption arose that they had not been discharged. All inferences tend to support plaintiff's position; none are unfavorable to it. Defendant carried the burden of proving that the notes had been extinguished. Rev. Civ.Code, art. 2232. He has failed to discharge it.

The trial below was opened by plaintiff testifying in his own behalf. He was interrogated relative to the repossessing of the two mules. He closed in chief. Defendant then testified in his own behalf, part of which flatly denied plaintiff's version of and reasons for taking the mules back. Plaintiff then tendered a third person as a witness to corroborate his (plaintiff's) testimony on this point. The testimony of this witness was objected to as not being in rebuttal of defendant's evidence. The objection was sustained, but erroneously so.

The proffered testimony would not only have supported that of plaintiff, but would have flatly contradicted that of defendant on the same subject-matter. It was not necessary that plaintiff go into this issue in chief as it devolved upon defendant to take the initiative, but having done so, he did not lose the right to offer rebuttal evidence to that of defendant on the same point. Article 477, Code Prac.

Defendant was asked:

"Q. After the suit was filed, did you not see Mr. Brewer? A. No.

"Q. And offer to give him a new note if he would release Mr. George Foshee?

"Objection by Mr. Gibbs: Because and for the reason that an offer of compromise cannot be proven, and the compromise itself cannot be proven unless it is reduced to writing.

"Objection Sustained.

"Bill Reserved.

"For the reason that the testimony is offered for the purpose of showing the liability and not for the purpose of showing the compromise."

The ruling was erroneous. The witness should have been allowed to answer the question. It involved no element of compromise. If he had answered the question in the affirmative, he would thereby have admitted a liability he now denies.

We think the fixing of this case for trial before it was at issue as to one of the defendants and the dismissal of it as to the other, in view of the record facts, wholly without warrant in law. Defendants being sued as in solido obligors were without right of severance for the purpose of trial. Prall v. Peet's Curator, 3 La. 274; State v. St. Paul, 110 La. 722, 34 So. 750. Plaintiff had the right to insist upon one trial and he has consistently and persistently contended for this right. No good reason has been shown for not doing so. The action of the lower court, at suggestion of defendants' counsel, if permitted to stand, effectually brought about a severance of defendants and denied to plaintiff a right vouchsafed to him by law. To sustain this action will mean that a new suit will be instituted against George Foshee, attended with much unnecessary trouble and inconvenience, and at the rate the present one has progressed, several years will have flown by before a final decree could be had.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment dismissing this suit as against George Foshee be and the same is hereby annulled, reversed, and set aside, and this case, as concerns this defendant, is remanded to the lower court with instructions to reinstate same on its docket to be thereafter proceeded with in accordance with law and the views herein expressed.

It is further ordered, adjudged, and decreed that the judgment in plaintiff's favor and against 'J. M. Foshee be amended by increasing the amount thereof by $335 with 8 per cent. from December 3, 1929, until paid, less $180 paid thereon as of March 17, 1933, plus 10 per cent. of said amount, principal, and interest, as attorney's fees.

It is further ordered and adjudged that the chattel mortgages securing payment of the notes sued on, described in plaintiff's petition, be and they are hereby recognized and rendered executory on the property therein described; and finally, in so far as not modified or amended, said judgment against J. M. Foshee is affirmed, with costs.