Plaintiff, a commercial partnership, brought suit against defendant for recovery of the sum of $2,003.11, represented as being due on open account for machinery and parts sold to and services performed for the defendant between the dates of January 2, 1943, and November 26, 1943, inclusive. Defendant, after denying plaintiff's claims, assumed the position of plaintiff in reconvention and prayed for judgment in the sum of $2,569.94, as the amount of rentals earned by the operation of a dragline, owned by defendant, between the months of December, 1942, and the date of May 13, 1943, which rentals were alleged to have been collected and held by plaintiff.
References in this opinion to the respective parties as plaintiff and defendant will be used to identify the parties in accordance with the status of each as represented in the main demand, the Louisiana Tractor Machinery Company as plaintiff, and R.T. Henry as defendant.
Upon the opening of trial an agreement and stipulation was entered, under the terms of which plaintiff's demand on open account was reduced from the sum of $2,003.11 to $1,568.58, and, as reduced, the obligation was admitted by defendant. After the entering of this stipulation plaintiff rested, and defendant proceeded with the introduction of testimony in support of his reconventional demand.
The facts show that in December, 1942, defendant was the owner of a piece of machinery described as being a "Lorain #30 Dragline," which had been engaged in operating on an airport construction job, but at the time was idle. Upon the suggestion of plaintiff, defendant authorized some apparently minor repairs, principally overhauling of the machine, after which it was rented to the Kellogg Company at Lake Charles. Between the months of December, 1942, and April, 1943, inclusive, the Kellogg Company paid to plaintiff a total sum of $2,395.78 as rent of the machine, which sums are acknowledged to have been received and retained by plaintiff. It is this amount, plus the additional sum of $174.16, representing minimum rent under OPA regulations from May 1st to May 13th, inclusive, that is claimed by defendant.
On May 13 or 14, 1943, defendant sold the machine described to plaintiff for a cash consideration of $5,000, which amount was paid by plaintiff's check dated May 15, 1943.
All of the above facts are established without contradiction, and from these facts it is obvious that plaintiff would be entitled to judgment on its claim on open account in the amount stipulated of $1,568.58, and defendant, as plaintiff in reconvention, would be entitled to judgment in the full sum of $2,569.94 for rentals collected and held by plaintiff. But, the matter is not quite so simple, since plaintiff interposes as a defense to defendant's claim for rentals the contention that the transaction for the sale of the dragline included the transfer and assignment of all rentals on the equipment accrued prior to the date of said sale. In other words, plaintiff claims that it bought not only the machinery but all of the rentals which had been paid to it by the Kellogg Company from December, 1942, through May 13, 1943.
The Judge of the district Court, for reasons set forth in a written opinion, gave judgment for plaintiff in the sum of $1,568.58 on the main demand, and for the defendant in the sum of $2,569.94 on the *Page 190 
reconventional demand, from which judgment plaintiff has prosecuted this appeal.
[1, 2] In our opinion, the facts adduced upon trial overwhelmingly attest the correctness of the judgment rendered. It is elementary that one who asserts an obligation bears the burden of establishing the same, and that one who pleads exoneration from an obligation must prove payment or other facts which would have served to extinguish such obligation. The burden of showing the extinguishment, either in whole or in part, is upon the party who sets up the same as a defense. Louisiana Civil Code, Article 2232; Phillips v. Gillaspie, La. App., 176 So. 647; Brewer v. Foshee, La. Ann., 178 So. 778; Mora v. Ruffin, 197 La. 693, 2 So.2d 182.
In the case before us the following facts have been established beyond question, and, indeed, without dispute, namely: That at the time of suit defendant owed plaintiff on open account $1,568.58; that on or about May 14, 1943, plaintiff purchased defendant's dragline for a consideration of $5,000, which consideration was paid, and that, at the time of the said sale and purchase, plaintiff held, in rentals collected for the use of the dragline owned by defendant, the sum of $2,569.94.
[3] The above facts are admitted by the parties to this litigation, but it is insisted on behalf of plaintiff that the rentals collected and held were included in the sale of the equipment. We find no evidence in the record which tends to substantiate this contention. In their testimony, Mr. M.J. Carbone, one of the partners in the plaintiff company, and Mr. J.N. Harvey, the General Salesmanager of plaintiff company, who were present with the defendant at the time of the sale of the equipment, admitted that at this time no mention was made of the rentals nor of the disposition thereof.
On May 15, 1943, a letter to the defendant, Henry, was dictated and signed at the direction of Harvey, as General Manager of plaintiff company, the text of which letter reads as follows:
"As per our agreement, attached please find our check in the amount of five thousand dollars ($5,000.00) along with Bill of Sale. Please sign same and return copy to us at your convenience.
"Assuring you we were glad to work with you in this connection, we are
"Very truly yours,"
The check referred to and enclosed in the letter bears the notation in the upper lefthand corner:
"Full payment for '30' Lorain Crane, Serial #2515."
The bill of sale, also enclosed, which was prepared by the plaintiff recites the consideration for the sale, transfer and delivery to plaintiff company of:
"The following described machine:
" 'One — Lorain "30" Crane, Serial Number 2515.' "
The said bill of sale contains the usual warranty of ownership and freedom from liens and encumbrances.
In further support of the fact that only the machine itself was intended to be included in the sale, we point to the testimony of Mr. Carbone, who, in testifying with reference to the correctness of the exhibit evidencing the amount of rent, as prepared and submitted by the defendant, made the following statement:
"Yes, sir, that is right. That is correct up to the time webought the equipment." (Emphasis by the Court)
The same testimony was given by Mr. Harvey. The record is replete with details in the testimony of the witnesses which refer to the "equipment" which was the subject matter of the sale made in May, 1943. Nowhere is there any showing that there was any mention of accrued rentals, nor, indeed, is there anything upon which an intent to include rentals might be predicated, even by a strained interpretation.
[4] We willingly concede the correctness of the argument, advanced by plaintiff's counsel in brief, that facts and circumstances surrounding a disputed transaction should properly be taken into consideration, but, to our minds, all the facts and circumstances militate against plaintiff's contention.
[5] There is some testimony on the part of the plaintiff in an attempt to establish the fact that the real value of the equipment at the time of the sale was far less than $5,000, the inference being that the consideration paid must have included something of value apart from the machine itself. We find no merit in this line of reasoning. The value of the dragline is not an element for consideration in this case. For the purpose of the sale, the value was whatever the purchaser would pay and the *Page 191 
seller accept. However, we are inclined to observe in passing that there would appear to be no inflation of value on a basis of $5,000 in consideration of the admitted fact that the equipment had earned approximately half of this amount in rental over a period of less than six months immediately prior to the transaction in question.
Nor do we find anything persuasively favorable to plaintiff's claims with regard to defendant's open account. At the time of the sale of the equipment defendant owed an amount in the neighborhood of some $300 or $400. It was some months after the date of the sale that defendant's account with plaintiff increased to a substantial amount, for the satisfaction of which plaintiff finally initiated this suit.
As we have heretofore observed, the facts of this case are determinative of the issue, and we find, as did the district Judge, that the facts disclosed unquestionably sustain the claim of defendant.
For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.