HALL, Judge.
Marshall Henry Coile died intestate on August 12, 1968, leaving a small estate *669 consisting entirely of community property. He was survived by his widow, Opal Modi-sette Coile, and two sons of a previous marriage, Vernon James Coile and Herman Marshall Coile.
The record discloses that one of the sons, Vernon James Coile, and the widow have engaged in a running legal battle since the elder Coile’s death. The widow was appointed administratrix over the objection of the son and remains in that capacity’ in spite of efforts on the part of the son to have her removed. During the course of the administration of this succession numerous issues have been contested including issues relating to the appointment and removal of the administratrix, the correctness of the inventory and list of assets and liabilities, payment of debts, accounting for proceeds of insurance policies, sale of succession property and other matters.
This appeal is from a judgment rejecting Vernon James Coile’s demand that the ad-ministratrix should be required to account for the sum of $5,000.00 representing the proceeds of certificates of deposit cashed by her several weeks prior to the death of her husband. Specifically, appellant has, in various pleadings, prayed that the ad-ministratrix be required to place the sum of $5,000.00 into the succession and that the inventory filed by the administratrix be amended to include the sum of $5,000.00 or, alternatively, to include a claim against the widow for that amount.
The evidence, which -as it relates to the matter under consideration consists primarily of the testimony of the widow and a letter from one of the banks involved, shows that on June 7, 1968, several weeks prior to the death of her husband, appellee cashed certificates of deposit in her name at various banks in a total principal amount of $5,000.00, plus a small amount of interest. Although the exact source of the funds used in purchasing the certificates is not clear, there is no question that these funds were community property.
Appellee testified she cashed the certificates at the request of her husband and handed the money to him at their home while he was sitting on the couch. It was established that this took place on June 7, 1968, while Coile was home between periods of hospitalization. He had been in bad health for some time and recently had been in the hospital. Several days after the certificates were cashed he went back into the hospital, stayed forty-two days and then returned home where he died a few days later from lung cancer.
Appellee testified she had no knowledge of what happened to the money after she gave it to her husband and that the money was never discussed by them prior to his death.
Appellant urges that the widow’s testimony cannot be believed because of its im-plausability and because of alleged inconsistencies and untruthfulness in parts of her testimony. For example, appellant points out appellee testified in a discovery deposition taken in November, 1968, prior to the trial in June, 1969, that she cashed the certificates in March or April of 1968, whereas in fact the certificates were cashed in June. Appellant further points to inconsistent testimony on the part of appellee in regard to disposition of the proceeds of medical insurance policies and in regard to the manner in which her husband made a living. Appellee testified his earnings came from hunting and fishing while other witnesses testified he was a bootlegger and sold whiskey illegally on a regular basis over a period of several years.
Appellant further urges the burden of proof is on appellee to establish the whereabouts of the money admittedly in her possession several weeks prior to her husband’s death, relying on authorities which hold that where the facts of a transaction are more peculiarly within the knowledge of one party, and can be more readily established by one party, then that party has the burden of proof. Spyker v. International Paper Co., 173 La. 580, 138 So. 109 *670 (1931); Underwood Typewriter Co. v. Vatter, 14 Orleans App. 410 (La.App.1917); Orlesch v. Fairchild Auto Company, 13 Orleans App. 303 (La.App.1916); O’Neil v. Morris, 13 Orleans App. 68 (La.App.1915).
We do not agree with appellant’s contention that the burden of proof was on appellee. The objective of appellant’s suit was to establish the existence of an asset belonging to the succession and, further, to establish an obligation owed by appellee to the succession. The burden was on plaintiff-appellant to prove the allegations on which his case depends, and having failed to do so these allegations remain as mere accusatory statements. One who asserts an obligation has the burden of establishing it. Louisiana Tractor and Machinery Co. v. Henry, 24 So.2d 188 (La.App. 2d Cir. 1945).
The cases cited by appellant as imposing the burden of proof on defendant-appellee are not applicable here. Although the evidence shows that appellee cashed the certificates several weeks prior to her husband’s death, the evidence does not support a finding that these funds remained in her possession or control during the intervening period, thereby placing her in the position of having sole or particular knowledge of the disposition of the funds.
The circumstances of this case are unusual but Coile was an unusual person, particularly in the way he earned and handled his money. The evidence shows Mrs. Coile was employed fairly regularly throughout the almost twenty years of their marriage, at moderate wages. Mr. Coile had no regular work, had once been a commercial fisherman and trapper, traded in automobiles and tires, and for several years sold liquor in the dry parish in which he lived. He never reported his earnings for income tax purposes and generally dealt in cash.
The record is void of evidence as to what became of the $5,000.00 after appellant gave the money to her husband. The record is also void of evidence that either Mr. Coile or his wife had the money at his death. Appellant has failed to prove by a preponderance of the evidence the existence of the funds as an asset of the succession on the date of the decedent’s death or the existence of an indebtedness owed by appellant to the succession.
This case hinges primarily on the creditability of Mrs. Coile. The trial court granted judgment in her favor and the decision of the trial judge is entitled to great weight where the creditability of a witness is at issue. After careful review of appel-lee’s testimony we do not find error in the trial court’s judgment, regardless of burden of proof.
Giving great weight to the decision of the trial judge and finding no error in the decision, we affirm the judgment appealed from, at appellant’s cost.
Affirmed.